TORBERT, Chief Justice.
This is an appeal by plaintiff William H. Large from a judgment entered in favor of defendant Allen W. Johnson after a trial to the court in which the evidence was presented ore tenus. Large had entered into a contract with Johnson, a general contractor, for the construction of a home. The contract between the parties provided that Johnson would build according to the plans and specifications provided, and would meet all FHA standards. The contract also provided that all work was to be completed in a workmanlike manner according to standard practices.
On April 24,1978, the home was completed and defendant signed a “Warranty of Completion of Construction” which stated *986 that the dwelling was constructed in conformity with the FHA approved plans and specifications. The plaintiff executed an FHA mortgage to finance the house and the defendant received payment for his work.
On August 29,1978, Large wrote Johnson concerning some cracks that had appeared in the brickwork on the exterior of the house. Johnson failed to repair the cracks in the brick and plaintiff filed this cause of action on July 30, 1980.
The trial court made the following findings of fact:
“The evidence presented at the trial revealed that the cracks in the brick in the dwelling were caused by the foundation shifting or moving. The plans and specifications provided that the foundation would be of columns or piers. The Defendant built the house in substantial compliance with the plans and specifications which were approved and inspected by the FHA/VA. The plans and specifications for the foundation were insufficient for the type soil on the lot where the dwelling was constructed. A general building contractor in that general area would know or should have known that the foundation as called for in the plans and specifications would not be adequate to support the dwelling. The soil in the Demopolis area is such that either a slab-type construction must be used or pier foundations must be dug much deeper and narrower to support the structure. The Defendant failed to warn the Plaintiff of this condition which would cause the foundation to shift or move and result in the cracking of bricks and other defects in the dwelling. The Defendant was a new builder in the Demopolis area and did not have specific knowledge of the type soil in that area.”
Count one of the complaint claims that defendant breached the agreement by failing to lay the brick properly. The trial court held:
“The brick did not crack because they were improperly laid. The crack resulted because the foundation was insufficient. The allegation in Count One is insufficient to support a verdict for the Plaintiff on breach of contract for failing to- properly lay brick.”
Count two claims that defendant breached the warranty given by failing to repair the cracked bricks. The trial court held:
“A careful reading of the warranty reveals that Defendant only warranted that the dwelling was constructed in substantial conformity with the plans and specifications approved in writing by FHA/VA. The Defendant did not breach the warranty since the dwelling was built in substantial compliance with the approved plans and specifications. Plaintiff cannot recover under the allegation in Count Two.”
Count three is a claim for specific performance of the contract to build and to repair any damage to the house within one year of completion. The trial court held:
“Specific performance is a legal remedy whereby a Defendant may be compelled to perform a particular act which he has agreed to do by contract. That remedy is not proper in this cause since the Defendant built the dwelling in substantial conformity to the approved plans and specifications. Plaintiff cannot recover in Count Three.”
At the close of the evidence, counsel for plaintiff made a request to amend the complaint:
“MR. BOGGS: Your Honor, we wish to amend the complaint to conform to the evidence.
“THE COURT: Well, I am sorry, Tom, you have rested your case and it is now my decision and it is too late to amend—
“MR. BOGGS: I am certainly not going to argue with Your Honor. You know that, but I am just trying to understand the meaning of the rules — I can amend at any time to conform to the evidence before the decision is made.
“THE COURT: Well, amend your complaint right now.
“MR. BOGGS: All right, sir. I amend it in open court, Your Honor, to meet the *987 evidence that Mr. Johnson did not conform to the plans and the specifications and the requirements of the Federal Housing Administration in building this house.
“THE COURT: I refuse to allow that amendment because it doesn’t substantially do justice to the defendant. He wasn’t prepared to go to all of that amended complaint now at this time.
“MR. BOGGS: Your Honor, he was prepared to defend and he did defend on those same grounds.
“THE COURT: Well, I refuse to allow you to amend further. You have closed your evidence. This is the second day.”
After the amendment was denied and judgment for the defendant entered on August 25, 1981, the plaintiff made a second motion to amend on September 23, 1981. The second amendment raised the issue of breach of an express or implied contract to perform all work in a good and workmanlike manner. This motion, along with a motion to alter, amend or vacate the judgment and a motion for a new trial, was denied on November 23, 1981. We hold that the trial court was in error in refusing to allow the amendment.
It is clear from the evidence in this case that under Rule 15(b), A.R.Civ.P., an amendment of the pleadings should have been allowed. The Rules of Civil Procedure make the following provisions for amendments:
“Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party' fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. An amendment shall not be refused under subdivision (a) and (b) of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires.”
A.R.Civ.P. 15(b). The Committee Comments indicate the liberal interpretation generally accorded the rule:
“Under the rule where evidence is introduced or an issue raised with the express consent of the other party, or without objection from him, the pleadings ‘shall’ be deemed amended to conform to such evidence. If the other party does object, but fails to persuade the court that he will be prejudiced in maintaining his claim or defense, the court must then grant leave to amend the pleadings to allow the evidence or the issue. If the objecting party can show prejudice, the court may grant him a continuance to meet the evidence and again should allow amendment of the pleadings. The only time that refusal to allow amendment can be justified is where the amendment and the evidence will not assist in reaching the merits of the action.”
Committee Comments, Rule 15(b), A.R. Civ.P.
This Court has stated:
“[Ajmendments should be freely allowed and ... trial judges must be given discretion to allow or refuse amendments. Stead v. Blue Cross-Blue Shield, 294 Ala. 3, 310 So.2d 469 (1975). The trial judge should allow a proposed amendment if it is necessary for a full determination on the merits and if it does not unduly prejudice the opposing party or unduly delay the trial.”
*988 Record Data Int’l, Inc. v. Nichols, 381 So.2d 1, 5 (Ala.1980).
In its order the court indicated:
“The plans and specifications for the foundation were insufficient for the type of soil on the lot where the dwelling was constructed. A general building contractor in the general area would know or should have known that the foundation as called for in the plans and specifications would not be adequate to support the dwelling. ... The Defendant failed to warn the Plaintiff of this condition which would cause the foundation to shift or move and result in the cracking of bricks and other defects in the dwelling.”
The trial judge was of the opinion that defendant was under a duty to warn the plaintiff that the plans and specifications were inadequate. This failure to warn might be considered a breach of an express or implied contract to perform all work in a good and workmanlike manner. Thus, the “merits of the action” would be subserved by allowing an amendment. A.R.Civ.P. 15(b). Further, there was no objection to the amendment from the opposing party and no showing that “the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits.” A.R.Civ.P. 15(b).
Since there was no objection from the opposing party, and no showing of prejudice, we hold that the trial court erred in not allowing plaintiff to amend his complaint, and, if necessary, allowing defendant a continuance to meet such evidence. The judgment is hereby reversed and the case remanded.
REVERSED AND REMANDED.
MADDOX, FAULKNER, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
JONES, J., concurs specially.
EMBRY, J., dissents.