EMBRY, Justice.
This appeal by William H. Large is from an adverse judgment entered after an ore tenus nonjury trial of his action against Allen W. Johnson arising from construction by Johnson of a dwelling house for Large. We affirm.
Large states the issues to be:
“1. Does PHA approval of a building relieve the Contractor of his duty to construct the dwelling in accordance with the specifications and requirements of FHA?
“2. Does a contractor have a duty to warn a homeowner of defects in plans or conditions such as soil conditions which would render the plans less suitable for the construction?
“3. Should the Trial Judge have entered a Judgment in favor of the Plaintiff based upon all evidence considered?”
These are merely questions of law and evidentiary matters. The single issue in this case is whether the following judgment is supported by the evidence:
“JUDGMENT
“This cause was tried by the Court without a jury. The first trial resulted in a judgment for the defendant, which was appealed. [Large v. Johnson, 429 So.2d 985 (Ala.1983).] The Judgment was reversed and remanded. At the second trial, new evidence was introduced by both plaintiff and defendant. The Court, after hearing the testimony, took the cause under advisement. Now, after reviewing all of the evidence, briefs and testimony, the Court finds the issues in favor of the defendant. I am of the opinion that the defendant was not negligent in the construction of the dwelling and that he did not breach the contract in any way. Several builders testified that they would have done exactly what the defendant did, i.e., build the house according to the plans and specifications. In their opinion, a builder in this general area would not know that the soil would not support a house built on a pier foundation as called for in the plans and specifications.
“It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that all the issues are decided in favor of the defendant, and Judgment is entered in his behalf.”
For an understanding of the complaint and facts adduced at the first trial of this case, see Large v. Johnson, 429 So.2d 985 (Ala.1983). As stated by the trial court in the judgment set out above, new evidence was introduced by both parties at the second trial under the original complaint and an amendment adding counts four and five:
“COUNT FOUR"
“1. Plaintiff realleges the statements set out in paragraph one of Count One.
“2. The Defendant knew or should have known of a defect in the sub-soil, and that the foundation as set out on the plans was improper for that type soil, which resulted in the foundation and the brick cracking.
“3. The Defendant did not properly follow the plans even for the foundation that was set out on the plans, which further resulted in damage.
“4. The Defendant did a poor job of laying brick, which has detracted from the value of the house.
“5. The Defendant failed to properly construct the chimney and the chimney base so that the the chimney is faulty, less valuable, dangerous, and is in need of being rebuilt.
“6. The Defendant did not specifically follow plans and specifications, and he did not complete the work in a workmanlike manner.
*77 “7. The Defendant held himself out as especially qualified to do contracting work, and thus there was a warranty, implied or actual, that the work would be done in a workmanlike manner, and that the [resulting] building would be reasonably fit for its intended use, and the Defendant breached this duty.
“8. The house built by the Defendant and owned by the Plaintiff has continued to crack and deteriorate to the point where very much of the house needs to be taken up and redone all as a result of the breach of contract by the Defendant.
“WHEREFORE, Plaintiff demands Judgment against Defendant in the sum of SEVENTY-FIVE ($75,000.00) THOUSAND DOLLARS, interest and costs.
“COUNT FIVE
“1. Plaintiff realleges all allegations contained in the numbered paragraphs one through seven in Count Four herein-above.
“8. The warranty given by the Defendant, as general contractor and builder, was that he would repair any damage to the house within one year of notification, and he was notified verbally, and was notified in writing on October 17, 1978, and many times subsequent thereto, and he has failed to repair same, thus resulting in a breach of warranty.
“9. As a result of the poor work, the unworkmanlike procedures, the failure to follow the plans, failure to follow prescribed building methods and the like, the house of the Plaintiff has continued to crack and deteriorate so that much of it needs to be removed and rebuilt, all as a result of the breach of warranty of the Defendant.
“WHEREFORE, Plaintiff demands Judgment against Defendant in the sum of SEVENTY-FIVE ($75,000.00) THOUSAND DOLLARS, interest and costs.
This is an ore tenus nonjury case. The evidence was hotly disputed. That evidence amply supports the findings and judgment of the trial court. Therefore, the judgment below is due to be, and it is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.