# Montgomery, *et al. v.* Perryman & Co.

*Bill to Reform a Mortgage.*

(Decided May 8th, 1906. 41 So. Rep. 838.)

1. *Insane Persons; Guardian; Instructions from Court.*—Where the guardian of an insane person executed a mortgage on the property of the insane person under a decree of the chancery court, such guardian had the right to apply to such court for instructions and authority necessary to execute the trust, as other trustees.

2. *Same; Sale of Property of Ward; Confirmation.*—The title of the property of the ward being not in the guardian, but in the ward, when sold under a decree of the court, the court becomes the vendor, and until confirmed by the court the sale is incomplete and confers no rights on the purchaser.

3. *Same; Mortgage of Ward's Property; Confirmation by Court.*—Where a decree was entered by the court authorizing the mortgaging of the ward's property but the property to be mortgaged was not designated by the decree, but left to the selection of the guardian, such mortgage is void, unless the making thereof is reported to and confirmed by the court.

4. *Reformation of Instruments; Validity.*—The mortgage being void, in that its making was never confirmed by the court granting the right to execute it, it could not be made the basis of a bill to correct mistakes of description therein.

APPEAL from Jefferson Chancery Court.
Heard before HON. A. H. BENNERS.

This was a bill filed by the transferee of the mortgage in a mortgage executed by guardian for a non compos, and sought to reform the mortgage so as to make it convey the property intended thereby to be conveyed originally. The allegations of the bill and its purpose are sufficiently stated in the opinion. The bill was filed against the guardian and the non compos, and demurrers were interposed to the bill by the guardian ad litem of the non compos, and are as follows: "There is no equity in said bill. Complainant is not the equitable owner of said lot 13, block 9. Want of jurisdiction in the court to render the decree permitting the guardian to mortgage the ward's property. The execution of said mortgage was never confirmed or approved by the city court of Birmingham. The power of sale contained in said mortgage was given without authority upon the part of said Strange to grant the same." These demurrers were overruled and from the decree the guardian ad litem prosecutes this appeal.

GEORGE HUDDLESTON, for appellant.—A court of equity has no jurisdiction to order the sale of a lunatic's land for the payments of his debts in the absence of some alleged special equitable ground.—*Whetstone v. Whetstone,* 75 Ala. 495; *Williamson v. Berry,* 8 How. 556; *Losey v. Stanley,* 147 N. Y. 570.

A judicial sale is not complete until confirmed and a mortgage made under a decree of court as governed by the same rule.—*Haralson v. George,* 56 Ala. 295; *Bland v. Bowie,* 53 Ala. 152; *Ex parte Branch,* 63 Ala. 388; *Hutton v. Williams,* 35 Ala. 503; *Phillips v. Benson,* 82 Ala. 500; *McEachin v. Warren,* 92 Ala. 554; 17 A. & E. Ency. of Law, p. 989.

The authority to execute a mortgage merely does not authorize the insertion of a power of sale in the mortgage.—*Clark v. Royal Panopticon,* 4 Drew 26, s. c. 27 L. J. Ch. 207; *Capron v. Attleborough Bank,* 11 Gray, 492; *Platt v. McClure,* 3 Woodb. & M. (U. S.) 151. A mortgage executed under a decree of court cannot be reformed.—*Dial v. Gambrel,* 126 Ala. 151; *Stephenson v. Harris,* 131 Ala. 471.

[Montgomery, et al. v. Perryman & Co.]

A suit to reform a conveyance for mistake cannot be maintained by anyone who has not succeeded to all of the interest of the original grantee.—*Tillis v. Smith,* 108 Ala. 264; 18 Ency. of P. & C. p. 795.

L. C. DICKEY and JAMES A. MITCHELL, for appellee.— The jurisdiction of equity to reform and correct deeds, mortgages and other instruments is well established, and extends to cases where parol testimony will be necessary to show the mistake in question.—2nd Pomeroy Eq. Jur., §§ 866 and 1376. Equity will even reform a mortgage on a homestead by correcting or perfecting the description of the lands conveyed.—*Gardner v. Moore,* 75 Ala. 394; *Withington v. Mason,* 86 Ala. 345; *Parker v. Parker,* 88 Ala. 252. Where there is a mistake in a series of conveyances, the last grantee may have the conveyance corrected.—*Tillis v. Smith,* 108 Ala. 276. Where lands have been sold under a power in the mortgage and the fairness of the sale was not impugned nor sought to be set aside, the court may confirm the sale.—*McGhee v. Lehman,* 55 Ala. 316; *Dozier v. Mitchell,* Ib. 511. The purchaser may have the mortgage reformed after foreclosure under the power of sale.—*Greene v. Dickson,* 119 Ala. 346. As to the power of the court to divest title out of the person holding the same, see the following: *Stewart v. Stokes,* 33 Ala. 498; *Wilson v. Jasper,* 13 S. W. Rep. 885. The court of equity clearly has power to order a sale or mortgage of real estate of persons of unsound mind.—10 Ency. P. & P. p. 1235.

TYSON, J.—The bill in this cause was filed to reform a mortgage executed by the guardian of a non compos mentis under the decree of the city court of Birmingham in equity. The decree authorized the guardian to borrow the sum of $300 to be used by the guardian in paying the taxes and other necessary and proper expenses of his ward, and further authorizing him, if necessary, to secure the payment of such loan by the execution of a mortgage on such part of the ward's estate as should be reasonable security for the payment of the note for the sum borrowed. The decree further provided that the cause in which it was rendered should be continued, that
14

such orders and decrees might be made therein as should seem meet and proper. No other orders or proceedings were had, and on the 13th day of November, 1893, the city court of Birmingham rendered a decree dismissing said cause.

It appears from the bill that W. W. Montgomery, the non compos, owned two lots, Nos. 13 and 14, in block 9, in J. W. Montgomery's addition to Wood Lawn, Ala. On lot 13 there were some improvements, but lot 14 was unimproved, and was worth in the year 1892, when the mortgage was executed, only about $25. The guardian borrowed $300 from Mrs. M. E. Jennings, securing the same by a mortgage to her conveying, with other property, lot 14, whereas lot 13 was intended. The sufficiency of the averment showing the mistake is not questioned. The bill further avers that the money borrowed was used for the benefit of the ward, as provided in the decree; that a mortgage upon lot No. 13, with the other property embraced therein, was a reasonable security, and not more than a reasonable security, for the loan, and that lot No. 14, and said other property, was in no sense a reasonable security therefor. The mortgage as executed was duly foreclosed, the mortgagee buying in the property at the foreclosure sale; the mortgagee going into possession of lot No. 13 and using the same as her own. Thereafter on the 14th day of October, 1899, Mrs. Jennings executed a deed to complainant to lot No. 14 for the sum of $500; complainant going into possession of lot No. 13 thereunder, and improving same to the extent of $650. R. B. Montgomery, the succeeding guardian, and the non compos mentis, were made parties defendant; the latter demurring to the bill by his guardian ad litem.

The guardian of the non compos, who executed the mortgage under the decree of the city court of Birmingham in equity, had the same right to apply to such court for instructions and authority necessary in the execution of his trust as is accorded to other trustees. The title to the real estate of the ward is not in the guardian, but in the ward, and in the case of a sale thereof under

[Montgomery, *et al.* v. Perryman & Co.]

a decree of the court of chancery the court is the vendor. In such case "until confirmed by the court it is not complete and confers no rights."—*McEachin v. Warren*, 92 Ala. 558, 9 South. 197. This is true, whether the sale is public or private. A mortgage of the ward's property depends for its efficacy upon the transfer of title and unless the property to be mortgaged is described in the decree, or when the selection of the property is left to the guardian, unless the mortgage is confirmed by the court, its approval is in no way manifested, so as to make the mortgage its act. In such case the mortgage is invalid and confers no rights, even if the property intended to be covered is correctly described therein. It cannot, therefore, be made valid by means of mistake in such a description. The bill shows that the property of the non compos intended to be mortgaged was never designated by a decree of the court; but the selection thereof was left to the guardian, and no confirmation by the court is shown. The mortgage, therefore, confers no rights, and cannot be made the basis of a bill for the correction of a mistake therein. In short, there is lacking that essential element of mutuality between the owner of the property or any one authorized to bind him and the mortgagee upon which to found the reformation or correction.—*Stephenson v. Harris*, 131 Ala. 470, 31 South. 445; 6 Pom. Eq. Jur. § 675 et seq.

The demurrer interposed to the bill should have been sustained. A decree will be here entered, reversing the decree appealed from and sustaining the demurrer.

Reversed and rendered.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.