168 So. 879

## EVANS v. CRUMP.

### 7 Div. 388.

Supreme Court of Alabama.
June 11, 1936.

H. H. Evans, of Anniston, for appellant.

John D. Bibb and J. W. Hemphill, both of Anniston, for appellee.

FOSTER, Justice.

This is an appeal from a decree of the circuit court, in equity, by the guardian ad litem in the matter of the estate of Irene S. Allen, a non compos mentis.

 The administration of the guardianship had been removed into that court from the probate court by authority of section 8102, Code. There was by such proceeding invoked the ordinary powers of the chancery court. Hamilton v. James, 231 Ala. 668, 166 So. 425.

The decree from which the appeal is taken authorized the guardian to mortgage certain real estate of the ward. It was shown that there was an existing mortgage on the property for $4,000, whose validity does not seem to be questioned; that the property was in bad state of repair, and could not be rented; that the guardian has caused the repairs to be made by which it was converted into four apartments, and all have been rented and produce $135 monthly; that the cost of repairs and the other necessary expenses, such as taxes, amount to approximately $3,000, so that the total debt owing on that account is $7,000; that a satisfactory arrangement has been made to obtain a loan from the Protective Life Insurance Company, under plan of the Federal Housing Administration, upon the execution of a mortgage on the property. The court found that the arrangement was satisfactory, in the interest of the ward, and ordered it completed.

The guardian ad litem has appealed, and insists that the court was without power to authorize such a transaction so as to make it valid.

The sole question presented, as stated in appellant's brief, is the power of a chancery court to authorize a guardian of a non compos mentis to mortgage the ward's real estate. We think the power exists, irrespective of section 8102, Code, by which the guardianship may be removed to equity and there administered. Without much discussion of the subject, the power was upheld in our case of Montgomery v. Perryman & Co., 147 Ala. 207, 41 So. 838, 119 Am.St.Rep. 61, provided it be reported to and confirmed by that court, since the mortgage is by the court, not the guardian, except as the agent of the court, the title standing in the ward. Wilson v. McKleroy, 206 Ala. 342, 89 So. 584.

On the same principle this court has held that a court of chancery has like power in respect to the guardianship of a minor (Warren v. Southall, 224 Ala. 653, 141 So. 632) and to the administration of the estate of a decedent (First National Bank v. De Jernett, 229 Ala. 564, 159 So. 73).

It is clear that the court has the power to cause the transaction to be had and the mortgage made. But, since it is performing the act for the benefit of the non compos mentis, acting by the guardian as its agent, the mortgage, when executed, must be reported to and approved by it before the transaction is complete. The decree should direct that this be done, and it is modified so as to do so.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.