180 So. 709

### MONTGOMERY v. MONTGOMERY.

5 Div. 279.

Supreme Court of Alabama.

April 21, 1938.

34

R. C. Smith, of Opelika, for appellant.

Denson & Denson, and L. J. Tyner, all of Opelika, for appellee.

KNIGHT, Justice.

The bill in this cause was filed by Mrs. Lillian M. Montgomery, as guardian of Louis Walton Montgomery, non compos mentis, seeking a decree of the court authorizing her to sell and mortgage certain of the real and personal property of her ward for the payment of his debts, incurred before the inquisition against him. The bill also prays for the removal of the administration of the guardianship from the probate court to the circuit court in equity under the provisions of section 8102 of the Code.

The court granted the relief prayed for, and from this decree the present appeal is prosecuted.

■ The proceeding in this cause served to invoke the ordinary powers of the chancery court over the estate of the non compos mentis, and of the administration of the guardianship. Evans v. Crump, 232 Ala. 521, 168 So. 879; Hamilton et al. v. James, 231 Ala. 668, 166 So. 425; First National Bank of Oneonta et al. v. Robertson, 220 Ala. 654, 127 So. 221.

The bill avers sufficient facts to show the existence of valid and subsisting debts, created and incurred by the non compos at a time when he had capacity to contract the same, and also a pressing necessity for the payment of the same. The estate of the ward consists largely of real estate, and some bank stock. The guardian has no money with which to pay these debts, and the creditors are pressing her for payment, threatening suits and judgments, and sales under execution. The income from the properties of the estate is wholly insufficient to meet and discharge these debts, either in whole or in part.

The bill avers facts sufficient to show that it is to the interest of the ward's estate that the bank stock and certain of the real estate should be sold, and the proceeds applied pro tanto to the payment of the debts, and that to obtain the balance necessary to liquidate the indebtedness in full, the guardian should be authorized to borrow this needed balance, to be secured by a mortgage on certain other real estate of the ward. In these respects the facts averred make a case for equitable relief.

■ Irrespective of sections 8102 and 8180 of the Code, the chancery court possesses the power to authorize the guardian of a non compos mentis to sell or mortgage the real and personal property of the ward, whenever it becomes necessary to pay the debts of the estate, or to provide necessary maintenance and support for the non compos mentis, and of his family. We do not think that this power in a court of equity, to authorize the sale or mortgage of the ward's property by the guardian, in a proper case, can be questioned. The principle is too firmly established in this jurisdiction to admit of doubt. Montgomery et al. v. Perryman & Co., 147 Ala. 207, 41 So. 838, 119 Am.St.Rep. 61; Evans v. Crump, supra; First National Bank of Birmingham v. De Jernett, 229 Ala. 564, 159 So. 73; Warren v. Southall, 224 Ala. 653, 141 So. 632. The courts of chancery possess and exercise general supervision and control over the estate of wards, and when this plenary jurisdiction is properly invoked, it may, to subserve the interest of the estate, authorize the guardian to borrow money, and secure the same by pledge or mortgage. Hence the decree of the court below in this respect is amply supported by the decisions of this court.

But it is insisted that the court of probate of Lee county never acquired jurisdiction of the alleged non compos mentis; that the lunacy proceedings which were instituted in that court, and which culminated in the decree adjudging Mr. Montgomery to be of unsound mind, were absolutely void; that, therefore, the appointment of Mrs. Montgomery as guardian of her husband was also void.

■ It becomes, therefore, necessary to determine whether Mr. Montgomery was legally adjudged to be of unsound mind. Of course, the legality of the appointment of Mrs. Montgomery as guardian of her husband is dependent upon the fact that Mr. Montgomery was legally declared to be of unsound mind, and, of course, unless the record furnishes the evidence for the exercise of the authority, the appointment

itself must fall. In such event, the complainant would be without authority to file this bill. Eslava et al. v. Lepretre, 21 Ala. 504, 56 Am.Dec. 266; Moody v. Bibb, 50 Ala. 245; Molton v. Henderson, 62 Ala. 426; Craft v. Simon, 118 Ala. 625, 24 So. 380.

In the case of Craft v. Simon, supra, it is held that the jurisdiction to appoint guardians for persons of unsound mind is as extensive as in the case of probate of wills, the granting of letters of testamentary, sales of property of intestates, allotment of dower and partition of lands.

Section 8103 of the Code provides that "the court of probate has authority, and it is a duty, to appoint guardians for persons of unsound mind *residing in the county,* having an estate, real or personal, and of persons of unsound mind residing without the state, having within the county property requiring the care of a guardian, under the limitations, and in the mode hereinafter prescribed."

Sections 8103, 8104, 8105, 8106, 8107, 8108, and 8109 prescribe the proceedings to be had and followed before there can be a valid appointment of a guardian for a person of unsound mind.

The record in this case discloses that Mr. Montgomery, the alleged non compos mentis, was, at the time of the filing of the petition by Mrs. Montgomery in the probate court of Lee county, Ala., to have him adjudged of unsound mind, a resident citizen of Lee county; that he had continuously resided in said county with his family for many years. However, it appears that some time prior to the filing of the inquisition proceedings, Mr. Montgomery had become of unsound mind, and had been removed to, and confined in Hill Crest Sanitarium, a hospital at Woodlawn, in Jefferson county, Ala. It appears that the petition was in all respects regular, contained all jurisdictional averments, and was duly accompanied by an affidavit that the petitioner believed the facts therein stated to be true.

It further appears from the record that upon the filing of said petition the judge of probate duly observed the requirements of section 8105 of the Code as to setting a day for the hearing. He also appointed a guardian ad litem to represent and defend the alleged non compos mentis.

It also appears that the judge of probate of Lee county fully complied with the provisions of section 8106 in issuing a writ directed to the sheriff, commanding him to summon twelve disinterested persons of the neighborhood to serve as jurors for the trial of the cause; and that said judge also issued a writ directed to the sheriff, to take the person alleged to be of unsound mind; and, if consistent with his health or safety, have him present at the place of trial. This last-mentioned writ was delivered to the sheriff of Jefferson county for execution. This officer made the following returns on said writ:

"Executed on the 16 day of Sept. 1936 by leaving a copy of the within writ with Jas. A. Becton, M. D.
  "Fred H. McDuff, Sheriff
    Jefferson County, Ala.
  "By J. A. Snowden."
"State of Alabama, Jefferson County.

"This is to certify that I have taken Louis W. Montgomery into custody and it being inconsistent with his health and safety, I have not presented him in court. This the 21st day of Sept. 1936.
  "Fred H. McDuff, Sheriff,
  "By J. A. Snowden, Deputy Sheriff."

The court of probate duly appointed the 22d day of September, 1936, as the day for hearing said petition, and on that date the appointed guardian ad litem appeared, and defended the alleged non compos mentis, filing a plea to the jurisdiction of the court and also a denial in writing of each and every allegation of the petition.

The record further shows that on the day appointed for the trial, a jury was duly empaneled and sworn, which after hearing the evidence rendered a verdict in the following words: "We the jury empaneled to try the question whether Louis Walton Montgomery is of sound mind, find that he is a resident of Lee County, Alabama, a male over fifty years of age; that he is now confined in Hill Crest Sanitarium in Jefferson County, Alabama, and that he is of unsound mind, and that he is possessed of real and personal property, and is wholly incompetent because of his mental condition to manage and care for his property."

Upon the verdict the court duly entered a decree adjudging the said Louis Walton Montgomery to be of unsound mind.

It is insisted here that if the said Louis Walton Montgomery was in fact a resident of Lee county, the writ of arrest should have been served by the sheriff of Lee county, and not by the sheriff of Jefferson county, Ala. There is no merit in this contention. The authority of the sheriff of Lee county did not extend beyond the territorial limits of that county, and the alleged non compos mentis being at the time at Hill Crest Sanitarium, in Jefferson county, the writ was properly delivered to, and executed by the sheriff of Jefferson county. Jones v. Baxter, 146 Ala. 620, 41 So. 781, 119 Am.St.Rep. 54; Brown & Hagin Co. v. McCullough, 194 Ala. 638, 69 So. 924; Street v. McClerkin, 77 Ala. 580; Stephenson v. Wright, 111 Ala. 579, 586, 20 So. 622.

However, without regard to the foregoing, the alleged non compos mentis being at the time a resident of Lee county but confined in a hospital in Jefferson county, the inquisition could well have been had and taken without notice to him. In such case, the court must appoint a guardian ad litem to represent and defend the alleged non compos mentis—a duty not omitted in this case. Code, § 8109.

The inquisition was in all respects regularly instituted and tried, and the adjudication was, therefore, legal, and not subject to any of the objections assigned to it. There is not in this case the slightest suggestion of fraud in the confinement of Mr. Montgomery in the Hill Crest Sanitarium, and in this respect, the case is wholly unlike the case of Fowler v. Nash, 225 Ala. 613, 144 So. 831.

We construe the decree of the circuit court as authorizing the sale and mortgage of the property to the extent only of the interest owned therein by the non compos mentis, as determined in the case of Jane Montgomery et al. v. Louis Walton Montgomery, Non Compos Mentis, 181 So. 92,[1] and this day decided, and so construing the decree, it is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

---

[1] Post, p. 161.