71 So.2d 33

**Ex parte GARRISON.**

**6 Div. 591.**

Supreme Court of Alabama.

March 4, 1954.

Robt. C. Garrison, J. L. Drennen, Birmingham, for petitioner.

D. G. Ewing, Earl McBee, Birmingham, for respondent.

STAKELY, Justice.

The present proceeding is an original petition by Robert C. Garrison, as administrator ad colligendum of the estate of Mary Jane Speed, deceased, in this court for mandamus to compel the Hon. E. M. Creel, Judge of the Tenth Judicial Circuit of Alabama, in Equity, to vacate and set aside a decree to which we shall later refer. The case is submitted here on the petition and the answer of Judge Creel.

On January 2, 1953, Mary Jane Speed, a non compos mentis, died. On January 8, 1953, Mrs. J. J. Burnett filed an application in the Probate Court of Jefferson County, in which she prayed that she be appointed administrator of the estate of Mary Jane Speed, deceased. Her petition showed that the decedent had died intestate, seized and possessed of real and personal property and that the petition was filed by her "as former guardian and friend." The next day Robert C. Garrison, the petitioner here, filed an application for appointment as administrator of the estate of the aforesaid decedent, setting out names and residences of next of kin and showing that he was General Administrator in and for Jefferson County, Alabama.

On January 29, 1953, Mrs. J. J. Burnett filed a "substitute petition," alleging that she was "a creditor of said estate and friend of deceased." The allegations of the substitute petition in addition to the foregoing are substantially the same allegations as set out in her first petition. On the same date Robert C. Garrison filed his "substitute petition," asking that he be appointed as administrator of the estate of Mary Jane Speed, deceased, setting out the names and residences of five persons as being her only next of kin and alleging that the said next of kin, being nonresidents of the State of Alabama, had nominated him for appointment as such administrator.

Upon the hearing of the petitions of Mrs. J. J. Burnett and Robert C. Garrison,

respectively, for letters of administration upon the estate of Mary Jane Speed, deceased, before the Hon. Tom C. Garner, Probate Judge of Jefferson County, Alabama, a decree was entered on February 2, 1953, finding that Mrs. J. J. Burnett was not a creditor of said estate and was not entitled to any priority over Robert C. Garrison as petitioner and that her application should be denied. The court further found that letters of administration should be granted to Robert C. Garrison and ordered recorded with letters of administration to issue, subject to the provisions of § 88, Title 61, Code of 1940, and to the filing by the said Robert C. Garrison of a good and sufficient bond in the amount required by law to be approved by the court.

On February 11, 1953, Mrs. J. J. Burnett filed a petition in the Circuit Court, Tenth Judicial Circuit of Alabama, in Equity, asking for an order transferring the guardianship of the aforesaid non compos mentis to the aforesaid equity court. On February 11, 1953, an order was entered removing the aforesaid guardianship from the Probate Court to the Circuit Court, in Equity.

On February 12, 1953, upon his application, Robert C. Garrison (petitioner here) was appointed administrator ad colligendum of the aforesaid estate by the probate court. On the same date, February 12, 1953, Mrs. J. J. Burnett took an appeal to the Supreme Court of Alabama from the decree of the probate court denying her application to be appointed administratrix of the estate of Mary Jane Speed, deceased. (The aforesaid cause is now pending in the Supreme Court of Alabama being numbered 6 Div. 647).

Robert C. Garrison in his capacity as administrator ad colligendum filed his motion to vacate the order transferring or removing the guardianship to the aforesaid equity court. This motion was overruled by the court on February 17, 1953.

On February 20, 1953, Robert C. Garrison, as administrator ad colligendum of the estate of Mary Jane Speed, deceased, filed his motion in the aforesaid circuit court, in equity, to require Mrs. J. J. Burnett to file her report for a final settlement of her

acts and doings as guardian of Mary Jane Speed, a non compos mentis. Upon a hearing of the motion the court entered a decree denying the motion without prejudice pending the outcome of the appeal to the Supreme Court of Alabama. This is the decree which the present petition seeks to set aside and hold for naught.

■ It is argued that under the provisions of § 134 et seq., Title 21, Code of 1940, it became the absolute duty of Mrs. J. J. Burnett as guardian of the estate of Mary Jane Speed, a non compos mentis, to make a final settlement of her guardianship and that she cannot relieve herself of that absolute duty by filing an application in the probate court for her appointment as administratrix of the estate of Mary Jane Speed, deceased. The estate of the non compos mentis was removed to the circuit court, in equity, under the provisions of § 26, Title 21, Code of 1940. The effect of this removal was to invoke the original and ordinary powers of an equity court. Evans v. Crump, 232 Ala. 521, 168 So. 879; Montgomery v. Montgomery, 236 Ala. 33, 180 So. 709. In keeping with this idea it was said in Hamilton v. James, 231 Ala. 668, 166 So. 425, 427, that "Where a cause is removed from a probate court into a court of equity, the proceeding had and the rules and practice that prevail are the general jurisdiction and procedure of the court of equity and the powers conferred by law." The point is that the jurisdiction of the probate court over final settlements of guardians being statutory and limited, must be exercised strictly according to such statutes. However, since the jurisdiction of the circuit court in equity is original and general, such statutes should be applied in the light of the practice and procedure of the equity court but without abuse of judicial discretion.

■ In Ward v. Stallworth, 243 Ala. 651, 11 So.2d 374, it was pointed out that when the guardianship is removed from the probate court to the circuit court, in equity, it gave the equity court jurisdiction to adjust all equities between the parties involved. To the foregoing can be added that mandamus is an extraordinary remedy. Wyatt v. Parrish, 255 Ala. 145, 50 So.2d

424. It will only be employed to prevent failure of justice or irreparable injury. Ex parte Hartwell, 238 Ala. 62, 188 So. 891. And if there is a doubt of the necessity or propriety, it will not lie. Folmar v. Brantley, 238 Ala. 681, 193 So. 122.

The proceedings in this court, to which reference has been made, will determine whether Robert C. Garrison, as General Administrator of Jefferson County, or Mrs. J. J. Burnett will be appointed to administer the estate of Mary Jane Speed, deceased. On the appeal to this court, decision will be made as to whether Mrs. J. J. Burnett is a creditor of decedent's estate and therefore entitled to priority in her application for appointment as administratrix.

■ In addition to the foregoing there appear to be other practical advantages which justify the exercise of discretion by the Judge in holding the case in abeyance. Ex parte Central Alabama Dry Goods Co., 238 Ala. 20, 189 So. 56. The effect of Judge Creel's order is that there is no need at the present time to wind up the guardianship estate and turn the assets thereof over to the administrator ad colligendum but that settlement of the guardianship estate can be held in abeyance until an administrator of the estate of deceased can be appointed, so that transfer of the estate from the guardian to the administrator can be effected. In other words, the holding is that there is no need to wind up the guardianship estate so that it can be transferred immediately to the administrator ad colligendum. It should be kept in mind in this connection that an administrator ad colligendum has no authority to pay the debts of the estate of the decedent or to administer such an estate. He is but the mere agent or officer of the court to collect and preserve the estate of the deceased until some one is clothed with authority to administer the estate. Little v. Gavin, 244 Ala. 156, 12 So.2d 549. Once the administrator is appointed the administrator ad colligendum must immediately account and deliver the assets to the administrator. § 92, Title 61, Code of 1940. Furthermore an administrator ad colligendum is entitled to certain commissions and costs allowed him

382

under the law. Mitchell v. Parker, 227 Ala. 676, 151 So. 842. If the expense of an administrator ad colligendum can be saved or reduced in a reasonable way, surely this should be done.

There is another practical advantage which results from the decision of Judge Creel. It can be determined in the case to which we have referred whether the alleged claim of Mrs. Burnett for her care and nursing of Mary Jane Speed, if allowed at all, is against the guardianship or the estate of the decedent.

 Upon consideration of the matter we feel that Judge Creel acted wisely in holding the matter under consideration in abeyance. Certainly there was no such abuse of discretion as would warrant this court in directing him to vacate the decree which he has entered.

Writ denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.