Dalton Ray Goolsby, appellant herein, filed a petition for writ of mandamus in the Circuit Court of Montgomery County to require the Montgomery City-County Personnel Board (the "Personnel Board") to reinstate appellant to the position of sanitation supervisor with the City of Montgomery, together with back pay of that office retroactive to January 17, 1975. Goolsby claimed that dismissal of the criminal charges completely answered the charges asserted as the reason for his dismissal, and that the Personnel Board had, at that time, the ministerial duty of ordering appellant reinstated, which it failed and refused to do. The petition also alleged that the failure of the Board to so act was violative of appellant's right to procedural and substantive due process of law.
On March 2, 1981, the trial court entered its order denying the petition for writ of mandamus. Goolsby appealed.
The essential facts are as follows. On and prior to January 17, 1975, Goolsby held the permanent, non-probationary position of sanitation supervisor with the City of Montgomery. By letter dated January 21, 1975, the superintendent of the City's Sanitary Department notified appellant that he was suspended indefinitely, pending the completion of the district attorney's investigation into his alleged illegal activities.
The investigation by the district attorney ultimately resulted in prosecution of four criminal charges against Goolsby. Three of the charges were either dismissed or resulted in Goolsby's acquittal. The remaining criminal charge alleged:
 "[T]hat within 12 months before the commencement of this prosecution, he did as foreman and employee of the City of Montgomery and with intent to deceive or defraud, make, enter and keep false *Page 957 
entries, books or accounts, of employees directly under his supervision and control for the purpose of defrauding the City of Montgomery, in violation of Title 14, Section 219. . . ."
Goolsby was convicted of this charge on June 18, 1975, in the Circuit Court of Montgomery County.
On June 20, 1975, appellant was informed by the superintendent of the Sanitary Department that the City proposed to terminate him because:
 "On June 18, 1975, you were convicted by a jury . . . for a violation of Title 14, § 219, Code of Alabama, as amended. More specifically, the jury found that you, in capacity as supervisor, an employee of the City of Montgomery, made, entered and kept false entries, books, or accounts upon city employees directly under your control for the purpose of defrauding the City of Montgomery."
Appellant made an unsuccessful attempt to appeal his criminal conviction, the appeal being dismissed. Goolsby v. State,344 So.2d 224 (Ala.Cr.App. 1977). After his appeal was dismissed, appellant received notice that he was terminated from his position with the City. The appellant was informed by letter of the reason for his dismissal:[1]
 "The reason(s) for this dismissal is: (are): You were charged with and convicted of the following: . . . As Supervisor and Employee of the City of Montgomery and with intent to deceive or defraud, make, enter and keep false entries books or accounts, upon City Employees directly under Your supervision and control for the purpose of defrauding the City of Montgomery."
On June 3, 1977, appellant requested a hearing before the Personnel Board. By letter dated June 7, 1977, the city-county personnel director advised his attorney that "we will not schedule the hearing before the Personnel Board until we hear from you on the final disposition of Mr. Goolsby's case in Circuit Court."
Ultimately, appellant's conviction was set aside on a petition for a writ of error coram nobis. In that petition, appellant alleged that his conviction had been secured through the use of perjured testimony. The Circuit Court of Montgomery County granted the petition for a writ of error coram nobis on June 8, 1979, and restored appellant's criminal case to the docket. A new trial was scheduled for November 26, 1979. At that time, the case was dismissed for lack of prosecution.
On November 29, 1979, appellant notified the Personnel Board that the criminal case had been dismissed, and he requested a hearing on the charges which had led to the termination of his employment. The Personnel Board hearing was set for January 18, 1980. At the hearing, the City sought to amend the grounds for appellant's dismissal. The first proposed amendment sought to add as a ground for dismissal that appellant had in fact kept false records, as distinguished from having been convicted of keeping false records as alleged originally. The other attempted amendments were unrelated to the alleged keeping of false records.
At the hearing, the witnesses were sworn, the rule for sequestration invoked and granted, and appellant and the City made opening arguments. Appellant moved that he be reinstated with back pay, contending that the dismissal of the criminal charge completely answered the charge lodged against him before the Personnel Board. He also opposed the City's motion to amend the charges. The Personnel Board continued the hearing on its own motion, and allowed appellant and the City one week to submit written memoranda supporting their positions. Thereafter, the Board denied appellant's motion for reinstatement, allowed the City to amend its charges, and rescheduled the hearing for February 15, 1980. On *Page 958 
February 8, 1980, appellant filed in the circuit court a petition for writ of mandamus to compel his reinstatement. By letter dated February 19, 1980, the Personnel Board informed the parties that it would "receive evidence only as to facts which purport to prove that Mr. Goolsby as a supervisor and employee of the City of Montgomery, with the intent to deceive or defraud, did make, enter, and keep false entries, books, or accounts, upon City employees directly under his supervision and control for the purpose of defrauding the City of Montgomery."
By agreement of the parties and the Montgomery County Circuit Court, all further proceedings of the Personnel Board were stayed pending the trial court's decision on the petition for mandamus. On March 2, 1981, the trial court entered its order denying the petition for writ of mandamus. Goolsby appealed.
We hold that the trial court correctly denied appellant's petition for writ of mandamus. Initially, we must observe that appellant's petition for writ of mandamus appears to be premature. The applicable statute, Code 1940 (Recomp. 1958), appx. § 523 (16.12) (Supp. 1971), provides, in the case of demotion, dismissal, or reduction in pay, that the Personnel Board shall investigate the case and conduct a hearing. It is clear in this case that Goolsby is entitled to a hearing before the Personnel Board. On the hearing of this matter, the Personnel Board may grant Goolsby the relief he seeks. Goolsby has contended throughout the proceedings that he is not guilty of keeping false records for the purpose of defrauding the City. If so, the Personnel Board would be obliged to reinstate him.
Furthermore, it appears from the record that judicial intervention is not appropriate in the posture of this case, because Goolsby has failed to exhaust his administrative remedies. Noting that it has adopted the doctrine of exhaustion of administrative remedies, this Court has explained that doctrine as follows: "It requires that where a controversy is to be initially determined by an administrative body, the courts will decline relief until those remedies have been explored and, in most instances, exhausted." Fraternal Order ofPolice, Strawberry Lodge # 40 v. Entrekin, 294 Ala. 201,209-10, 314 So.2d 663, 670 (1975). This Court in City ofGadsden v. Entrekin, 387 So.2d 829, 833 (Ala. 1980), recognized exceptions to the rule that a party must exhaust his administrative remedies before entering a court of law. These exceptions generally arise where: (1) the question raised is one of an interpretation of a statute, (2) the action raises questions of law only and not matters requiring administrative findings of fact or the exercise of administrative discretion, (3) exhaustion of administrative remedies would be futile or the remedies provided would be inadequate, and (4) requiring exhaustion of administrative remedies would result in irreparable harm. None of these exceptions appears in the present case.
Apart from our belief that the petition for writ of mandamus is premature, we are of the opinion that mandamus is not the appropriate remedy in the case before us. It is a well settled rule that mandamus is a legal remedy reserved for extraordinary cases. Ex Parte Garrison, 260 Ala. 379, 71 So.2d 33 (1954). This Court has long recognized that:
 "An indispensable requirement for mandamus is the presence of a right in the applicant to the thing applied for. Mandamus will be granted only when there is a clear, specific legal right shown for the enforcement of which there is no other adequate legal remedy."
Campbell v. City of Hueytown, 289 Ala. 388, 390-91,268 So.2d 3, 4 (1972). In Ex Parte Dorsey Trailers, Inc., 397 So.2d 98,102 (Ala. 1981), this Court reiterated:
 "The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief. The writ will not issue where the right in question is doubtful."
In McDowell-Purcell, Inc. v. Bass, 370 So.2d 942, 944 (Ala. 1979), we stated that a writ of mandamus will lie to require action of a *Page 959 
state official when "discretion is exhausted and that which remains to be done is a ministerial act." We further stated:
 "If judgment or discretion is abused, and exercised in an arbitrary or capricious manner, mandamus will lie to compel a proper exercise thereof. The writ will not lie to direct the manner of exercising discretion and neither will it lie to compel the performance of a duty in a certain manner where the performance of that duty rests upon an ascertainment of facts, or the existence of conditions, to be determined by an officer in his judgment or discretion."
McDowell-Purcell, Inc. v. Bass, 370 So.2d at 944.
Appellant contends that because his criminal conviction has been set aside, he has a complete and irrefutable answer to the original grounds for dismissal asserted against him. We must disagree with appellant's argument.
The original charge against appellant was that he had been charged with, and convicted of, keeping false records with the intent to defraud the City of Montgomery. Goolsby was in fact charged with, and convicted of, that criminal offense. It appears from the record in this case that appellant's termination was proper at the time it occurred. The question becomes whether or not, upon the setting aside of the conviction, Goolsby is entitled to be reinstated. We do not believe that the fact that the conviction was set aside in a collateral proceeding, on a petition for a writ of error coram nobis, and the charge later dismissed for failure to prosecute, furnishes a complete answer to the underlying charge. The question of whether Goolsby is entitled to reinstatement turns upon whether Goolsby actually committed the act which constituted the criminal offense. The dismissal of the criminal charge, under the circumstances presented in this case, does not establish, as a matter of law, that Goolsby did not commit the acts in question. See Head v. City of Gadsden,429 So.2d 1005 (Ala. 1983), and cases cited therein. We note, however, that in the proceeding before the Personnel Board, under the Board's rules and regulations, the burden is on the appointing authority to prove the charges representing the basis for dismissal. This burden differs, however, from the State's burden of proving guilt beyond a reasonable doubt in criminal cases.
Appellant next asserts that the Personnel Board's allowance of the amendments to the charge against him violated his 14th Amendment guarantee of procedural due process because of the lateness of the amendment. We hold that amendment as to the basis for dismissal was proper and that Goolsby, by virtue of the continuance, was given ample notice and time to prepare his defense.
It is well settled law that due process must be observed by administrative boards, as well as courts. State TenureCommission v. Madison County Board of Education, 282 Ala. 658,213 So.2d 823 (1968). The requirements of due process in the administrative context were explained in North Alabama Express,Inc. v. United States, 585 F.2d 783 (5th Cir. 1978):
 "The due process clause requires that notice be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests. Walker v. City of Hutchinson, 352 U.S. 112, 115, 77 S.Ct. 200, 202, 1 L.Ed.2d 178 (1956); Covey v. Town of Somers, 351 U.S. 141, 146, 76 S.Ct. 724, 727, 100 L.Ed. 1021 (1956). In the administrative context, due process requires that interested parties be given a reasonable opportunity to know the claims of adverse parties and an opportunity to meet them."
585 F.2d at 786. See Medical Services Administration v. Duke,378 So.2d 685, 686 (Ala. 1979). In order to satisfy due process requirements, however, it is not necessary that the charges be drawn with the formality and exactness required in a court proceeding. Simpson v. Van Ryzin, 289 Ala. 22, 265 So.2d 569
(1972).
Without losing sight of the principles enunciated in the above-cited cases. we *Page 960 
must consider the question of whether the Board properly allowed the City to amend its original charge. This Court has noted that amendments in an administrative hearing are allowed at least to the extent they are allowed in a judicial proceeding. Simpson v. Van Ryzin, supra, 289 Ala. at 31,265 So.2d at 576. Established principles regarding amendment of the pleadings in judicial proceedings will aid in the resolution of the issue presented in the case before us.
In discussing Rule 15, A.R.Civ.P., this Court in Stead v.Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6,310 So.2d 469, 471 (1975), stated as follows:
 "We simply state here that if Rule 15 is to be of any benefit to the bench, bar, and the public, the trial judges must be given discretion to allow or refuse amendments. However, we state that amendments are to be freely allowed and refusal of an amendment must be based on a valid ground. We state also that Rule 15 must be liberally construed by the trial judges. But, that liberality does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced."
In Bracy v. Sippial Electric Co., Inc., 379 So.2d 582, 584
(Ala. 1980), this Court stated:
 "Where an amendment merely changes the legal theory of a case or adds an additional theory, but the new or additional theory is based on the same set of facts and those facts have been brought to the attention of the other party by a previous pleading, no prejudice is worked upon the other party."
Furthermore, this Court has quoted with approval the following statement from Green v. Wolf Corp., 50 F.R.D. 220, 223
(S.D.N.Y. 1970):
 "[N]either long delay nor the fact that a proposed amendment is motivated by an afterthought of counsel as to the best theory upon which to proceed, by themselves, suffice as reasons for denying leave to amend."
National Distillers and Chemical Corp. v. American LaubscherCorp., 338 So.2d 1269, 1274 (Ala. 1976).
In Walker v. Traughber, 351 So.2d 917, 922 (Ala.Civ.App. 1977), the Court stated that "a precise declination of when an amendment should be allowed is not practical since the grant or denial of leave to amend is within the discretion of the trial court. . . ." This Court, however, has approved a trial court's decision to allow amendment of a complaint during the course of a trial, National Distillers and Chemical Corp. v. AmericanLaubscher Corp., supra. Additionally, this Court has held that it is within the discretion of the trial court to allow a complaint to be amended so that it would conform to the evidence presented at trial. Large v. Johnson, 429 So.2d 985
(Ala. 1983); Dalrymple v. White, 402 So.2d 968 (Ala. 1981).
We find no evidence in the case before us that appellant was prejudiced by the amendment of the charge. At the time of the hearing, Goolsby was well aware and fully understood that the basis for his termination was the alleged keeping of false records. The facts alleged in the amendment did not surprise Goolsby, for it is undisputed that Goolsby came to the January 1980 Personnel Board meeting with the witnesses and other evidence necessary to defend the amended charge of having kept false records. Goolsby was aware of all the matters about which he might be required to defend and in the record admitted that he was prepared on January 18, 1980, to defend against the same evidence that was used against him in the criminal trial.
We find it significant that although the appellant admitted that he was prepared to defend against the amended charge and thus required no additional time, the Personnel Board adjourned, without finishing the hearing, to consider the motion to amend and give the appellant time to prepare a defense. This procedure allowed Goolsby ample notice and gave him an adequate opportunity to further prepare to defend against those charges against him.
Thus, it is apparent that the defendant's rights were not prejudiced. Undoubtedly, Goolsby will be allowed an opportunity by the Personnel Board to be heard and defend *Page 961 
against the charges alleged against him. In Simpson v. VanRyzin, 289 Ala. 22, 30, 265 So.2d 569, 575 (1972), this Court, quoting 67 C.J.S. Officers § 66b (1978), stated, "[T]he proceedings may be amended by inserting additional charges if the officer be given proper opportunity to meet them." Here, that opportunity has been given to the appellant. First, the amendment was not a wholly new and different charge, but was one that formed the factual basis of the criminal charge against the appellant. Second, the Personnel Board, by adjourning to consider the amendment, allowed the appellant the notice constitutionally required.
Finally, we reject appellant's argument that his right to substantive due process was violated because the Board deviated from statutory and regulatory principles in allowing amendment of the charge for dismissal. We cannot agree with appellant's contention that Section 10, Act No. 2280, 1971 Acts of the Alabama Legislature, and Rule VIII, Section 12 (b), of the Personnel Board Rules are dispositive in this case. That rule provides that a dismissed employee shall "receive a written statement of the reason for such action within three days." We have already stated that the amendment was not a new and different charge, but one based on the facts of the original criminal charge against appellant. Although we recognize that the proceeding before the Personnel Board was an administrative, rather than a judicial, proceeding, we believe that our Rules of Civil Procedure, by analogy, provide persuasive authority that:
 "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the original pleading. . . ."
A.R.Civ.P. 15 (c). We believe that this result is the more reasonable one in light of the fact that the interpretation of the above-cited provisions urged by appellant would preclude virtually any amendment of the charges originally asserted as reason for a dismissal.
We cannot say that the appellant was unconstitutionally deprived of his right to due process. We affirm the trial court's judgment denying the writ of mandamus.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES, and BEATTY, JJ., concur.
EMBRY, J., concurs in the result.
JONES and ADAMS, JJ., dissent.
[1] Apparently this letter was intended to comply with Rule 11, § 5, of the rules and regulations promulgated by defendants. That rule provides for the dismissal of a permanent employee for cause, and requires that the employee be furnished a written statement of the reasons for the dismissal.