[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 89 
This is the second appeal of this employee termination case.
At all times relevant to this action, the appellant, Verdell Hardy, was employed by the Birmingham Board of Education (Board). As a nonprobationary educational employee, Hardy was subject to the Fair Dismissal Act (Act), §§ 36-26-100 to -108, Ala. Code 1975.
The procedural history of this appeal, aptly described by one party as a "labyrinth," is as follows: In October 1988 the Board voted to give Hardy notice of its proposed termination of her as a teacher's aide at Eagan Elementary School. It notified Hardy of this decision in a letter informing her that the proposed termination action was based upon the charge that she had struck a student at the school in violation of the Board's corporal punishment policy. In this same letter the Board also informed Hardy that she had a right to a hearing before the Board if she filed an intention to contest the proposed termination within 15 days after receipt of the letter. Hardy filed timely notice of her intention to contest, and the Board held a hearing, at which Hardy was represented by counsel and had the opportunity to cross-examine the Board's witnesses and to present testimony on her own behalf. The Board found that Hardy had violated its corporal punishment policy and, accordingly, voted to dismiss her. It sent Hardy notification of its decision by letter dated November 23, 1988. Hardy's pay was also terminated on this date.
Hardy then filed a notice of appeal with Board Superintendent Dr. Cleveland Hammonds, demanding a do novo hearing before an employee review panel (Review Panel), as was her right under the Act. Hardy also demanded that she be reinstated to her former employment pending the Review Panel's decision.
On December 20, 1988, prior to the convening of the Review Panel, Hardy filed a complaint in the Circuit Court of Jefferson County, petitioning for writ of mandamus, declaratory relief voiding the Board's decision to dismiss her, and injunctive relief prohibiting the Board from terminating her pay prior to a final adjudication by the Review Panel. Hardy also sought money damages, alleging breach of contract and a violation of her due process rights under the United States Constitution. Named as defendants in the suit were the Board and its members, individually and in their official capacity. The named defendants are the appellees in the present action.
In an order dated January 11, 1989, the trial court found that Hardy did not have a clear legal entitlement to the relief sought and denied Hardy's request for writ of mandamus and injunctive relief, leaving remaining her claims for declaratory relief and damages. Because it appeared to the trial court that there was no genuine issue as to any material fact in the case, the court also urged the parties to submit motions for summary judgment as a means to obtain an early determination of the remaining issues.
Also in January 1989 the Review Panel held a hearing, where Hardy was again represented by counsel. In an order dated January 21, 1989, the Review Panel upheld the Board's decision to dismiss Hardy. *Page 90 
However, despite finding that the Board's decision to dismiss Hardy was warranted, the Review Panel determined that Hardy should have continued to receive pay from the time of the Board's decision to terminate her contract on November 23, 1988, until the time of the Review Panel's hearing and final disposition. The Review Panel ordered that Hardy was to receive back pay for the period in question.
Following the Review Panel's decision, Hardy amended her original petition to include a new claim based on an estoppel theory. Hardy and the appellees then filed cross-motions for summary judgment on the remaining issues. Subsequent to her motion for summary judgment, Hardy filed a motion to add additional defendants and a second amended petition, wherein she included certain new allegations and prayed for further relief.
On June 2, 1989, the trial court entered a judgment finding that the Board was obligated to pay Hardy only until November 23, 1988, the date on which the Board notified her of its decision to dismiss, and that it was not obligated to continue paying her past that date. At this time the court also denied Hardy's motion for summary judgment and all other motions she had filed.
On August 15, 1989, following a joint stipulation by the parties that no further issues remained to be determined, the trial court entered a decree that its order of June 2 was final. From the final judgment of the trial court, Hardy appealed to this court.
On January 17, 1990, this court reversed the trial court's decision. Our opinion read, in pertinent part, as follows:
 "The trial court, without benefit of this court's recent decision in Crenshaw v. Mobile County Board of School Commissioners, 560 So.2d 1059 (Ala.Civ.App. 1989), held that the employee was not entitled to be paid pending an appeal and the hearing and final disposition by the review panel. Therefore, on authority of Crenshaw, supra, this case is reversed and remanded."
Hardy v. Birmingham Board of Education, 562 So.2d 1886, 1886-87
(Ala.Civ.App. 1990).
In the trial court on remand, Hardy filed a motion for partial summary judgment, contending, among other things, that she was entitled not only to back pay but to all other relief she had previously sought On June 21, 1990, the trial court entered an order requiring the appellees to award back pay to Hardy for the period of time at issue. In all other respects, however, Hardy's motion for partial summary judgment was denied.
Because the trial court's relief was limited to the award of back pay, Hardy again appeals to this court. The appellees cross-appeal, contesting the award of back pay.
Hardy raises several issues on appeal. She first asserts that she was deprived of property without due process of law, in violation of the United States Constitution's 14th amendment, and that the trial court erred when it denied the compensatory and punitive damages she sought under 42 U.S.C.A. § 1983 (West 1981). Hardy also seeks attorney's fees under this statute. She next contends that the trial court was in error when it denied her claim for compensatory damages for breach of contract by the Board. Hardy further contends that she was entitled to the writ of mandamus that she sought from the trial court. She also maintains that when the appellees discontinued her pay prior to the Review Panel's final disposition, they were estopped from further pursuing termination of her employment. Finally, Hardy contends that the trial court abused its discretion in denying her discovery requests and her several attempted amendments to her petition.
On cross-appeal the appellees contend that this court incorrectly decided Crenshaw and that the trial court should not have awarded back pay to Hardy. We will address this contention first.
While our supreme court has remarked that the Fair Dismissal Act is "not a model of legislative clarity," Bolton v. Board ofSchool Commissioners of Mobile County, 514 So.2d 820, 824 (Ala. 1987), the court has *Page 91 
indulged in judicial construction to impart "reasonableness" into the language of the Act. In Bolton, the court outlined six statutorily prescribed steps necessary for termination under the Act. Those six steps are as follows:
 "Step 1 — The Board's letter notifying the employee of the proposed termination;
 "Step 2 — The employee's letter of intention to contest the proposed termination;
 "Step 3 — The Board's decision to dismiss the employee;
 "Step 4 — The employee's request for an appeal and hearing;
 "Step 5 — The selection of an employee review panel; and
 "Step 6 — The hearing and final disposition by the review panel."
Id. at 823.
The appellees in the present case contend that pay may properly be terminated at Step 3, "The Board's decision to dismiss the employee," whereas, Hardy contends that pay must be continued until "The hearing and final disposition by the review panel," as outlined in Step 6.
Addressing this issue in Crenshaw, 560 So.2d 1059, this court reviewed the Act and the applicable case law and held that where the employee has given written notice that she desires to appeal the School Board's decision to terminate her employment, the Board is required to continue paying the employee's salary pending the outcome of the employee review panel's hearing (pursuant to Step 6).
The appellees contend that this court misconstrued the Act inCrenshaw and that there is no basis in the language of the Act for inferring a requirement that the Board continue paying dismissed employees during the pendency of their appeals to the Review Panel. They assert that a construction based on such an inference is "absurd and illogical." Accordingly, they argue, the trial court's decision must be reversed and Crenshaw
overruled.
When this court is called upon to construe a statute, it has the duty to ascertain the legislative intent expressed in the statute. This intent may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Tin Man Roofing Co. v. Birmingham Board of Education,536 So.2d 1383 (Ala. 1988). We do not find this court's construction of the Act in Crenshaw, as it relates to payment of employees pending the outcome of the Review Panel's hearing, to be absurd or illogical, nor do we deem the construction to defeat the purpose of the Act or to obstruct the legislative intent expressed in the Act. We therefore reject the argument propounded by the appellees and find the holding in Crenshaw to be applicable to the present case.
In the present case Hardy gave the Board written notice of her intention to appeal its decision and demanded a de novo
hearing before the Review Panel. Therefore, she met the condition precedent, as established in Crenshaw, to her right to continue receiving pay pending the Review Panel's final disposition. Accordingly, we deny the appellees' cross-appeal and affirm the trial court's judgment awarding back pay to Hardy for the period in question.
We now consider the issues raised by Hardy on appeal. Hardy first contends that the appellees deprived her of property without due process of law and that the trial court erred in its orders of June 2, 1989, and June 21, 1990, when it denied her claims for compensatory and punitive damages under42 U.S.C.A. § 1983 (West 1981). We disagree.
Initially, we note that in order to state a cause of action under § 1983, Hardy must establish that individuals acting under the color of state authority deprived her of some right, privilege, or immunity secured by the United States Constitution or by law. See 42 U.S.C.A § 1983; NAACP v. Hunt,891 F.2d 1555 (11th Cir. 1990). Hardy alleges that in wrongfully terminating her employment, the appellees deprived her of property without due process of law in violation of the United States Constitution's 14th amendment. *Page 92 
The procedures set forth in the Fair Dismissal Act, §§ 86-26-100 to -108, Ala. Code 1975, are established to make determinations regarding the termination of employment of nonteacher educational employees. A "nonprobationary" employee, as defined by the Act, has a property interest in continued employment and may not be terminated except for cause. See §36-26-102. We find that Hardy had such a property interest.
Due process of law requires that before an individual is deprived of a significant property interest, there be notice, a hearing conducted in accord with that notice, an opportunity to be heard at a meaningful time in a meaningful manner, and a judgment entered in accordance with the notice and hearing.See Jones v. Henderson, 513 So.2d 1020 (Ala. 1987); Opinion ofthe Justices, No. 238, 345 So.2d 1354 (Ala. 1977).
A review of the record in the present case indicates that there is no evidence that the appellees deprived Hardy of property without due process of law. Hardy was given notice of the proposed termination of her employment and was informed of the charges supporting the proposed action, as well as being given notice of her right to a de novo hearing before the Review Panel. Assisted by counsel, she presented herself at hearings before both the Board and the Review Panel; she had ample opportunity to confront and cross-examine witnesses at these hearings. Based on the evidence presented at the de novo
hearing, the Review Panel found that the Board's decision to terminate Hardy's employment was justified. In view of these facts, we find no denial of due process and therefore conclude that the trial court was not in error when it denied Hardy's claims for compensatory and punitive damages under42 U.S.C.A. § 1983.
Inasmuch as there is no finding that Hardy was denied due process of law, we further find that the trial court was not in error when it denied the declaratory and injunctive relief and the attorney's fees she also sought under § 1983.
We note here that Hardy raises for the first time on appeal a claim that the Review Panel's order awarding her back pay created a new property right and that the Board's ensuing failure to follow the order gave rise to a separate due process violation. This issue was not present in the pleadings and was not raised at trial. The trial court did not rule on it; therefore, appellate review of the issue is foreclosed.King v. Reid, 428 So.2d 611 (Ala. 1983).
Hardy next contends that the trial court erred in denying her claim for compensatory damages for breach of contract by the Board. We disagree.
Hardy's contractual rights were delineated in the provisions of the Act, which provides that after achieving nonprobationary status, a nonprofessional educational employee can be discharged only for cause. See § 36-26-102, Ala. Code 1975. Prior to cancellation of the employment contract, the Board must give the employee notice of the charges against her and an opportunity to be heard. Because the Board complied with these termination procedures, as outlined in the Act, prior to dismissing Hardy, we find her claim of breach of contract to be unsubstantiated.
As to Hardy's contention that she was entitled to the writ of mandamus that she sought from the trial court, we disagree.
It is well-settled law that mandamus is a legal remedy reserved for extraordinary cases. Ex parte Garrison, 260 Ala. 379, 71 So.2d 33 (1954). A writ of mandamus will issue only where the following conditions are met: the right sought is clear, certain, and specific with no reasonable basis for controversy; the writ compels the performance of a ministerial act; the respondents have an imperative duty to perform; and there is no other adequate remedy. Goolsby v. Green,431 So.2d 955 (Ala. 1983). Suffice it to say that upon examination of the record, we find that Hardy's claim does not meet the criteria for mandamus under Alabama law.
We find no merit in Hardy's next contention that the appellees were estopped from pursuing termination of her employment *Page 93 
after the Board discontinued her pay. Hardy asserts that the Board's discontinuance of her pay was effectively a "suspension without pay" and that by electing this disciplinary alternative, the Board was precluded from pursuing the termination process. There is no evidence in the record supporting Hardy's claim that the Board's purpose in discontinuing her pay was to effect a "suspension without pay." Therefore, we find that the appellees were not estopped from pursuing termination proceedings.
As for Hardy's final contention, that the trial court abused its discretion in denying her discovery requests and her motions to amend her petition, we disagree.
Subsequent to filing her summary judgment motion in January 1989, Hardy sought to depose the Board members. She also sought to add additional parties as defendants in the action. Furthermore, she moved to amend her pleadings by raising the following additional allegations: that the Board had unlawfully changed an existing written policy to continue paying dismissed employees pending appeals to the Review Panel; that the Board's notice of proposed termination was null and void because the Board failed to vote on the grounds for the proposed action; that the Board's corporal punishment policy was void for vagueness; and that the Review Panel's decision to uphold her dismissal was arbitrary and capricious and contrary to law.
While it is well settled that amendments to pleadings are to be freely allowed when justice requires, Rule 15, Alabama Rules of Civil Procedure; Thurman v. Thurman, 454 So.2d 995
(Ala.Civ.App. 1984), it is equally well settled that the trial court has wide discretion to allow or refuse such amendments.Stallings v. Angelica Uniform Co., 388 So.2d 942 (Ala. 1980). The court has discretion to strike amendments where the party had sufficient opportunity to state a claim or add a correct party but has failed to do so, where the party has unexplainably delayed filing amendments, or where allowing the amendment would delay the ultimate disposition of the case.Super Valu Stores, Inc. v. Peterson, 506 So.2d 317 (Ala. 1987;Taylor v. Dothan City Board of Education, 513 So.2d 623
(Ala.Civ.App. 1987). Upon reviewing the record and the evidence of Hardy's considerable delay in filing her amendments, and upon considering the attendant legal principles, we cannot say that the trial court abused its discretion in disallowing Hardy's discovery requests and her motions to amend her petition.
For the reasons stated above, we affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.