BOLIN, Justice
(concurring specially in case no. 1120678).
I concur fully with main opinion. I write specially to elaborate on the definition of “remove” as it relates to the removal of the administration of a conservator-ship or guardianship proceeding from the probate court to the circuit court, pursuant to § 26-2-2, Ala.Code 1975:
“The administration or conduct of any guardianship or conservatorship of a minor or incapacitated person may be removed from the probate court to the circuit court, at any time before the final settlement thereof by the guardian or conservator of any such guardianship or conservatorship or guardian ad litem or next friend of such ward or anyone entitled to support out of the estate of such ward without assigning any special equity, and an order of removal must be made by the court or judge upon the filing of a sworn petition by any such guardian or conservator or guardian ad litem or next friend for the ward or such person entitled to support out of the estate of such ward, reciting in what capacity the petitioner acts and that in . the opinion of the petitioner such guardianship or conservatorship can be better administered in the circuit court than in the probate court.”
(Emphasis added.)
It is important to note that the above statute is located in Chapter 2 of Title 26, Ala.Code 1975, the main chapter that provided for the “Appointment of Guardians” before the enactment of Act No. 87-590, Ala. Acts 1987, which is codified in Chapter 2A of Title 26, and substantially based upon the Uniform Probate Code, Article V, Parts 1, 2, 3, and 4 (1982 edition), and cited as the Alabama Uniform Guardianship and Protective Proceedings Act. I further note that even though § 26-2A-20(3), Ala.Code *578 1975, the definition section of the Alabama Uniform Guardianship and Protective Proceedings Act, § 26-2A-1 et seq., Ala.Code 1975, referred to above (“the Act”) defines “court” as “[a] probate court of this state,” this definition of “court” as being a “probate court” applies only to guardianship and protective proceedings under Chapter 2A. The Act not only did not supersede Chapter 2 but it also made no attempt to include any provision pertaining to removals addressed by § 26-2-2. Therefore, § 26-2-2 is not a part of “the Act” and is the only statute providing for the removal of guardianships or protective proceedings from the probate court to the circuit court. I further point out that the Comment to § 26-2A-31, Ala.Code 1975, setting out subject-matter jurisdiction of the Act, states that “[t]he subject matter jurisdiction described in this section affects the jurisdiction of the probate court only insofar as it applies to proceedings under this chapter and it does not purport to otherwise expand the jurisdiction of probate courts as established in other law.” (Emphasis added.)
Section 12-11-30(4), Ala.Code 1975, provides that the circuit court exercises a general superintendence over the probate court, not the other way around. Although the removal statute does not expressly state that the petition for removal of the guardianship or conservatorship proceeding be filed in and ordered by the circuit court, it is apparent from decades of caselaw that the practice and procedure has been that a petition for removal is properly filed in, and if appropriate granted by, the circuit court. See, e.g., Smith v. Smith, 248 Ala. 49, 51, 26 So.2d 571, 571 (1946)(“The proceedings here complain of an order of the circuit court in equity removing the administration of the guardianship ... from the probate to the equity court.”); Ex parte Garrison, 260 Ala. 379, 380, 71 So.2d 33, 35 (1954)(“Mrs. J.J. Burnett filed a petition in the Circuit Court ..., asking for an order transferring the guardianship ... to the aforesaid equity court.... [A]n order was entered [by the Circuit Court] removing the aforesaid guardianship from the Probate Court to the Circuit Court, in Equity.”); Fuller v. Jackson, 519 So.2d 936, 937 (Ala.l988)(“Fuller ... petitioned the Jefferson Circuit Court to remove the guard-ianships ... to the Jefferson Circuit Court.”); Ex parte Coffee Cnty. Dep’t of Human Res., 771 So.2d 485, 486 (Ala.2000)(noting that “Nichols ... filed ... a petition to remove the administration of the conservatorship to the circuit court” and that “[t]he circuit court removed the case”); and Ex parte Casey, 88 So.3d 822, 826-27 (Ala.2012)(“Jo Ann filed a ‘Petition for Removal/Transfer’ in the circuit court.... [T]he circuit court entered an order granting [the] petition to remove the guardianship proceeding from the probate court to the circuit court.”); cf., however, Scott v. Kelley, 745 So.2d 872 (Ala.Civ.App.1999), a case in which the probate judge signed an order removing the case from the probate court to the circuit court. However, the probate court’s unchallenged removal order in Kelley is an aberration and a clear deviation from settled law, as can be seen from the other cited cases.
The above cases, which involve removals pursuant to § 26-2-2 both before and after the effective date of the Act, demonstrate that the petition for removal of a conserva-torship from the probate court to the circuit court has always been filed in, and relief on such petition, if any, ordered by, the circuit court. Regarding the Act and its failure to incorporate § 26-2-2 or a like removal provision, see Ex parte Casey, 88 So.3d at 828 n. 5:
“When the Alabama Uniform Guardianship and Protective Proceedings Act (‘[the Act]’) was enacted in 1987, § 26- *579 2-2 was amended to reflect the terminology used in [the Act]. Compare § 26-2-2, Ala.Code 1975, as amended, 1987 Ala. Acts, No. 87-590, with Tit. 21, § 26, Ala.Code 1940 (1958 Recomp.) (‘The administration or conduct of any guardianship of a minor or person of unsound mind may be removed....;’), the language of which remained unchanged when Tit. 21, § 26, was first recodified as § 26-2-2 in 1975.”
The American Heritage Dictionary of the English Language 1099 (1969) defines the term “remove” as to “take away.” Clearly, the probate court, under § 26-2-2, does not take the case away from itself and give it to the circuit court. To do so would impose upon the probate court itself the illogical duty of ordering that the “guardianship or conservatorship can better be administered in the circuit court than in the probate court.” Rather, it is the circuit court that takes jurisdiction of the conservatorship or guardianship from the probate court, the court of original jurisdiction. See, e.g., Ex parte Terry, 957 So.2d 455, 459 (Ala.2006)(regardihg a petition to remove the administration of an estate from the probate court to the circuit court, this Court stated that “the circuit court failed to enter the order necessary to take jurisdiction of the estate from the probate court” (emphasis added)).
Accordingly, persons having standing under § 26-2-2 to remove a conservator-ship or guardianship proceeding from the probate court to the circuit court do so by filing a petition for removal with the circuit court. The circuit court, if removal is appropriate, will then order the case removed from the jurisdiction of the probate court.