552 So.2d 145 (1988)
Linda CLAYTON and Betty Johnson
v.
BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, et al.
Tobie F. DAY, et al.
v.
SOUTHWEST STATE TECHNICAL COLLEGE, et al.
Civ. 6052, Civ. 6210.
Court of Civil Appeals of Alabama.
June 8, 1988.
Rehearing Denied July 27, 1988.
*146 Gregory B. Stein of Stein and Brewster, and Henry H. Caddell of Thiry, Maples &
*147 Brunson, and Arthur J. Madden III of Madden & Soto, Mobile, for appellants.
Thomas R. McAlpine of Sintz, Campbell, Duke, Taylor, & Cunningham, and Mylan R. Engel and Edgar P. Walsh of Engel, Walsh & Zoghby, Mobile, for appellees.
Robert Chanin and Walter Kamiat of Bredhoff & Kaiser, Washington, D.C., for amicus curiae Alabama Educ. Ass'n, in support of appellants.
Don Siegelman, Atty. Gen. and Thomas R. Allison, Asst. Atty. Gen., amicus curiae in support of constitutionality of statute.
David R. Boyd and W. Joseph McCorkle, Jr., of Balch & Bingham, Montgomery, for amicus curiae Alabama Ass'n of School Boards in support of appellees.
INGRAM, Judge.
These are consolidated appeals from two decisions of the Circuit Court of Mobile County involving the Fair Dismissal Act, § 36-26-100, et seq., Ala.Code 1975.

I.
In one case, the plaintiffs-appellants (employees) were instructors at a two-year educational institution (school) under the control and auspices of the Alabama State Board of Education. The employees filed this action in the circuit court against the school after the school proposed their termination and stopped their pay without any hearing. The employees sought a declaratory judgment, a preliminary and permanent injunction reinstating their pay, a writ of mandamus, damages, and an award of reasonable attorney fees under 42 U.S.C. § 1988.
The school contended that the provision of the Fair Dismissal Act (Act) did not apply to the facts in this case and that the employees were therefore not entitled to a hearing under § 36-26-105 of the Act. The school then contended that the Act, for various reasons, was unconstitutional.
On October 30, 1986, the circuit court denied the employees' request for injunctive relief and the petition for writ of mandamus. The court's order, in part, is as follows:
"This Court has been called upon to decide whether or not Southwest State, acting through its agents or employees, is required to pay Plaintiffs their full salaries and other benefits of office until the charges against them are resolved. Section 36-26-104 of the 1975 Code of Alabama, as amended, reads as follows:
"`§ 36-26-104. Notice of termination; suspension with pay; notice of intention to contest.
"`Notice to the employee shall be served either by personal service or by United States registered or certified mail with postage prepaid thereon, to said employee's last known address. The employing board may suspend said employee with pay until the charges are heard and determined. This section, however, does not mandate pay in cases involving moral turpitude. If such charges are found to be unfounded, pay would be reinstated. Such notice shall also inform the employee that in order to contest said termination, the employee must file with the employing board, within 15 days after receipt of such notice, notice of an intention to contest the termination of said contract. If the employee does not file an intention to contest with the employing board within 15 days after receipt of such notice of intention to terminate said contract, then the employing board may dismiss the employee by a majority vote and such dismissal shall be final. (Acts 1983, No. 83-644, p. 1004, § 5.)'
"This Court construes § 36-26-104 to mean that an employer could not terminate someone's employment during a contract period on grounds not involving moral turpitude, without pay. However, in the cases before this Court, the employment contracts of each of the Plaintiffs have, in fact, expired. Is the employing board required to continue to pay employees pending resolution of a termination hearing where an employee's contract has expired? From an examination of the complaint and the briefs of the parties, the Court presumes that *148 proper notice was given to the Plaintiffs of their terminations in compliance with the Fair Dismissal Act, § 36-26-101. Assuming that § 36-26-104 is applicable to the facts in these cases (i.e. where an employee's contract has already expired), this Court does not interpret that Section as requiring Plaintiffs to receive pay after their termination and prior to their hearings. Section 104, supra, simply holds that the employing board may suspend said employee with pay until the charges are heard and determined. This language places no compelling duty on the employing board, but gives the Board the discretion to do so. Thus, this Court is of the opinion that Southwest State is not obligated, by the terms of that statute, to pay Plaintiffs after their contracts have expired.
"It is clear from reading the Fair Dismissal Act, however, that should the charges be unfounded, and the Plaintiffs prevail in their appeals, then pay and other emoluments would be fully reinstated." (Emphasis in original.)
On the basis of the stipulated facts and documents, the circuit court entered a final order on June 27, 1987. The order, in part, is as follows:
"The Court adopts the reasoning and results contained in its Order of October 30, 1986; that is, there is no requirement on the part of the Defendants to continue to pay the Plaintiffs their salaries from the end of their contract period until their termination hearings.
"In order to dispose of the declaratory judgment action in its entirety, as well as the Plaintiffs' challenge to the above Order based on the Fourteenth Amendment and § 1983, this Court must reach the question of the Act's constitutionality.
"This Court is well aware of the long settled proposition that Courts have a general duty to avoid constitutional questions. However, if the legislative Act is repugnant to constitutional principles, a Court not only has the power, but also the duty, to declare the Act unconstitutional when the issue is properly presented. Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978).
"It is the opinion of this Court that the Fair Dismissal Act fits the constitutionally repugnant standard set forth in the Peddycoart case. This Court is without any choice but to declare the entire Act unconstitutional. This Court finds that the Act is void as an unconstitutional delegation of legislative power. This Court also holds that the Act violates the due process clauses of both the Alabama and the United States Constitutions. Further, the Act is both vague and overbroad. Finally, the Act is unconstitutional because it provides for compulsory and binding arbitration without accompanying judicial review." (Emphasis added.)
The employees then appealed to this court.
The employees filed this action to establish a single principle. The school cannot terminate the employees' pay until the employee review panel established by the Act has heard and decided the charges against them. As noted above, the circuit court rejected the employees' contention. The court initially held that while an employer could not terminate someone's pay during a contract period on grounds not involving moral turpitude, it could terminate these employees' pay without a hearing because the termination coincided with the expiration of the employees' contract. (We point out that the employees here were all working pursuant to a three-month contract which was to expire.) The court went on, however, and held that assuming these employees whose contract had expired did come within the Act, the school still did not have to pay them their salary pending a hearing, as the school was not obligated by the statute to do so.
The Act was enacted in 1983 for the dual purpose of providing job security to nonprofessional educational employees by providing a fair termination procedure for those employees. The Act provides that an employee who has completed his probationary period may not be terminated except for cause. See Ala.Code 1975, § 36-26-102 (1985 Supp.). The Act then goes on to set up the procedure that is to be followed for *149 termination of employment. The section at issue here is § 36-26-104, as follows:
"Notice to the employee shall be served either by personal service or by United States registered or certified mail with postage prepaid thereon, to said employee's last known address. The employing board may suspend said employee with pay until the charges are heard and determined. This section, however, does not mandate pay in cases involving moral turpitude. If such charges are found to be unfounded, pay would be reinstated. Such notice shall also inform the employee that in order to contest said termination, the employee must file with the employing board, within 15 days after receipt of such notice, notice of an intention to contest the termination of said contract. If the employee does not file an intention to contest with the employing board within 15 days after receipt of such notice of intention to terminate said contract, then the employing board may dismiss the employee by a majority vote and such dismissal shall be final."
As noted above, the employees here were working pursuant to a three-month contract, and the school therefore contends that they were not covered under the Act as their contracts had expired. It appears to this court that to allow such action would emasculate the intent of the Act. By deliberately designing and requiring short, three-month contracts of employment, the school could effectively modify and evade the requirements of the Act. See Haas v. Madison County Board of Education, 380 So.2d 873 (Ala.Civ.App. 1980), cert. denied, 380 So.2d 877 (Ala. 1980). Therefore, we hold that these employees, even though employed pursuant to a three-month contract, do come within the provision of § 36-26-104 and are entitled to all the protection of the Act.
The circuit court then held that even if these contract employees come within the act, the school was under "no compelling duty" and was "not obligated" to pay the employees until the charges against them were heard and decided. We disagree.
As pointed out in Bolton v. Board of School Commissioners of Mobile County, 514 So.2d 820 (Ala.1987), the Fair Dismissal Act is not a model of legislative clarity. However, a reading of § 36-26-104 sets out that an employee may be suspended with pay until the charges are heard and determined by a hearing, but may be suspended without pay pending a hearing only in cases of moral turpitude. A fair reading of this provision suggests that only in cases of moral turpitude can an employee be dismissed without pay. As the employees here are not charged with moral turpitude, it was error for the school not to pay them pending a determination at their hearing.
In view of the above, we reverse that part of the circuit court's order pertaining to the October 30 order and remand it for a determination of the amount of back pay due the employees.
As noted above, the circuit court also declared the entire Act unconstitutional. In Lowe v. Fulford, 442 So.2d 29 (Ala. 1983), the supreme court left no doubt that courts must avoid constitutional issues if a case can be resolved upon lesser issues. It appears that the circuit court resolved the question raised in this case in favor of the school, i.e., whether the employees should have continued receiving their salary pending a determination by the hearing panel. Therefore, we question the circuit court's decision to address the constitutionality of the Act.
Nevertheless, in view of the fact that we have reversed the circuit court in that respect, we will address the school's contention that the Act is unconstitutional.
The school attacks the constitutionality of the Act based upon wholly hypothetical and abstract arguments. The school does not allege that a particular application of the Act has infringed on any rights. Rather, it raises a purely facial attack based on the possibility of future unconstitutional application of the Act. Courts will not invalidate a statute on its face simply because it may be applied unconstitutionally, *150 but only if it cannot be applied consistently with the Constitution. Robinson v. New Jersey, 806 F.2d 442 (3rd Cir.1986), cert. denied, 481 U.S. 1070, 107 S.Ct. 2463, 95 L.Ed.2d 872 (1987). Likewise, Alabama has held that a statute's validity cannot be determined abstractly, but rather should be determined only as it applies and is to be enforced in the specific case before the court. State v. Woodruff, 460 So.2d 325 (Ala.Crim.App.1984). The supreme court made this point in State ex rel. Crumpton v. Montgomery, 177 Ala. 212, 220, 59 So. 294, 296 (1912), when it declared:
"[T]his court will not decide any constitutional question respecting the validity of legislation, unless its decision thereupon is `indispensable' to the determination of that litigation."
Here, we have determined that the employees, even though employed under three-month contracts, do come within the Act and, pursuant to § 36-26-104, should have been paid their salary until the charges were heard and determined. Should the Act ever be applied in an unconstitutional manner, that particular unconstitutional application can be challenged in a case brought at that time. We have already noted that this Act is not a "model of legislative clarity," Bolton, supra, at 824, and if and when a case is brought properly challenging the constitutionality of the Act, "reasonableness" must be read into the provisions of the Act. See Bolton, supra.

II.
The second case in this appeal concerns the interpretation and application of Ala.Code 1975, § 36-26-101(a). This section is as follows:
"(a) All employees as defined in section 36-26-100 shall be deemed employed on a probationary status for a period not to exceed three years from the date of his or her initial employment, or a lesser period which may be fixed by the employing authority."
The plaintiffs-appellants (employees) were classified (nonprofessional) employees of the Mobile County School System (school board). They filed this action in the circuit court after the school board dismissed them with none of the notice and hearing requirements of the Act. The school board asserted among other things that the Act required that probationary employment be for a service of three years "consecutive" service and that the employees did not meet this requirement. The circuit court, although not stating the reasons, held in favor of the school board. The employees appeal.
The main issue presented in this case revolves around the meaning of § 36-26-101, Ala.Code 1975 (1986 Supp.), i.e., whether the term "consecutive" should be implied. That section, which is part of the Act, defines the difference between "probationary" employees not subject to the protections of the Act and "nonprobationary" employees who are accorded the notice and hearing protections of the Act.
It is clear that the omission of a word, such as "consecutive," in a statute can be indicative of legislative intent and thus preclude any other interpretation, even though another interpretation would be, in the court's opinion, a more reasonable and practical one.
That is, it is well settled that the purpose of the interpretation of a statute is not to improve it, but rather to explain the express language used in the statute. Montgomery Bridge & Engineering, Inc. v. State Highway Department, 440 So.2d 1114 (Ala.Civ.App.1983).
However, it is also true that a statute must be interpreted in its entirety, and every word in a statute should be made effective, if possible. Director of State Department of Industrial Relations v. Winston County Commission, 468 So.2d 177 (Ala.Civ.App.1985).
The ambiguity evident in the following pertinent language is but one example of a general imprecision of meaning that runs through the entire Act, such as to require interpretation of, as our distinguished Chief Justice Torbert describes it, "this *151 poorly drafted act." Bolton, 514 So.2d at 825.
Section 36-26-101, Ala.Code 1975, reads, in pertinent part, as follows:
"(a) All employees as defined in section 36-26-100 shall be deemed employed on a probationary status for a period not to exceed three years from the date of his or her initial employment....
"(b) During said probationary period, the employing authority shall cause the employee's performance to be evaluated." (Emphasis added.)
Where a court is called upon to construe a statute, the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent as expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Ex parte Holladay, 466 So.2d 956 (Ala.1985). When a statute is of doubtful meaning, the court will adopt a reasonable and just construction. Morton v. City of Trussville, 376 So.2d 1089 (Ala.Civ.App. 1979). All statutes relating to the same subject or having the same general purpose must be read together to constitute one law. Florence v. Williams, 439 So.2d 83 (Ala.1983).
In short, a literal interpretation of a statute will not be adopted when it would defeat the purpose of a statute if any other reasonable construction can be given to the language in question. Burton Manufacturing Co. v. State, 469 So.2d 620 (Ala.Civ. App.1985).
The Act was designed to provide for fair dismissal procedures for nonteacher employees not covered under the state merit system or the teacher tenure laws.
Section 36-26-102 provides, in part, that "[u]pon the completing by the employee of said probationary period, said employee shall be deemed employed on a nonprobationary status and said employee's employment shall thereafter not be terminated except for" various reasons based on cause, including a decrease of jobs in the system. (Emphasis supplied.)
This court finds that section to give the employee a certain protected status in terms of job security. Given the fact that the Act provides for a three-year probationary period, as does the teacher tenure statute, and that the purpose of the Act is to provide certain procedures for employees not covered under the teacher tenure statutes, we conclude that the protection offered is analogous to the continuing status accorded teachers having attained tenure after three consecutive years of probationary employment under the state teacher tenure laws.
Such an interpretation seems to be a reasonable one in view of the purpose of the Act and the object to be obtained and in view of the requirements and purpose of the analogous teacher tenure laws.
In short, the language quotedthat is, both §§ 36-26-101 and -102seems to this court to easily lend itself to an interpretation that is consistent with other statutes having a similar purpose. With this in mind, we construe § 36-26-101 as meaning three consecutive years. Therefore, we affirm the trial court's order in favor of the school board.
In view of the above, this case is due to be affirmed in part and reversed and remanded in part with instructions to enter an opinion not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
BRADLEY, P.J., concurs.
HOLMES, J., concurs specially.
HOLMES, Judge (concurring specially).
While I concur in the results reached in this case, my reasoning is somewhat different regarding the conclusion reached in the initial part of the opinion.
The majority concludes that the employees were due their salaries until the hearing, despite their contracts having "expired," on the ground that those three-month contracts were, in effect, an attempt by the school to circumvent the requirements of the Act.
*152 As is pointed out later in the opinion, the Act is reasonably construed as giving nonteacher employees continuing employment status analogous to the tenured status attained by teachers after a probationary period.
I would, therefore, hold that the employees in question, having attained that continuing status, could not be fired except for cause and were thus entitled to their salaries until a hearing on the issue of the reason for their termination, notwithstanding the length of their contract period.
That is, the length of the contract is irrelevant, in my opinion, in view of the right of the employees to be rehired absent a determination after a hearing that their termination was justified under the reasons given in the statute.
I believe that my reasoning on this question is in harmony with the conclusions and reasoning found elsewhere in the majority opinion.

ON APPLICATION FOR REHEARING
INGRAM, Judge.
In our original opinion, we construed § 36-26-101, Ala.Code 1975, as meaning three consecutive years. As concerns the retroactivity of this statute, we now extend that opinion to make clear that the Fair Dismissal Act (act) is not to be applied retroactively.
A review of the act shows no express provision, nor does it show a clear legislative intent, that it should be applied retroactively. Therefore, in view of clear Alabama law, we cannot hold that the act should be applied retroactively. See Kittrell v. Benjamin, 396 So.2d 93 (Ala.1981).
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
BRADLEY, P.J., and HOLMES, J., concur.