Lydia S. Crenshaw (employee) was employed as a secretary with the Board of School Commissioners of Mobile County (board). At all times relevant to this action, the employee was subject to the Fair Dismissal Act (act), § 36-26-100 et seq., Ala. Code 1975.
In September 1986, pursuant to the act, the employee received written notice from the board of the proposed termination of her employment. The ground for the proposed termination was "unsatisfactory job performance." The employee gave written notice of her intention to contest the proposed termination. On October 28, 1987, the board voted to terminate the employee. Pursuant to the act, the employee gave written notice that she desired to appeal the board's decision to terminate her employment. Nevertheless, the board voted to terminate the employee's pay, effective October 28, 1987.
The employee then filed the present action in the Circuit Court of Mobile County. She sought mandamus and injunctive relief requiring the board to continue her pay until the "employee review panel," prescribed by the act, heard and determined the charges against her. The employee and the board filed cross-motions for summary judgment. The circuit court denied the employee's motion and granted the board's motion for summary judgment. The circuit court held that the board is only obligated to pay the employee until the termination hearing before the board and not until the hearing before the employee *Page 1060 
review panel. The employee now appeals to this court.
The dispositive issue is whether the board is required to continue to pay the employee until the employee review panel established by the act hears and determines the charges against her.
As set out in Bolton v. Board of School Commissioners ofMobile County, 514 So.2d 820 (Ala. 1987), the act is not a model of legislative clarity. However, the Supreme Court inBolton outlined six steps necessary for termination under the act. Those six steps are as follows:
 "Step 1 — The Board's letter notifying the employee of the proposed termination;
 "Step 2 — The employee's letter of intention to contest the proposed termination;
 "Step 3 — The Board's decision to dismiss the employee;
 "Step 4 — The employee's request for an appeal and hearing;
 "Step 5 — The selection of an employee review panel; and
 "Step 6 — The hearing and final disposition by the review panel."
Here, both parties agree that the act requires the continuation of pay until some point in the six steps outlined above. However, the parties disagree as to the step at which termination occurs. The board contends that the pay may be terminated at Step 3, "The Board's decision to dismiss the employee," whereas, the employee contends that pay must be continued until "The hearing and final disposition by the review panel," as outlined in Step 6.
After a review of the act and the applicable case law, we find that the board must continue to pay the employee until a hearing is conducted by the review panel and there is a final disposition as outlined in Step 6. Clearly, this is in line with our decision in Clayton v. Board of School Commissionersof Mobile County, 552 So.2d 145 (Ala.Civ.App. 1988). InClayton, the employee's sole contention was that, in cases not involving moral turpitude, the board is required to pay the employee until the employee review panel established by the act hears and decides the charges against him, and we agreed.
This conclusion is further supported by our recent decision in Washington v. Bessemer Board of Education, 547 So.2d 888
(Ala.Civ.App. 1989). In Washington, we discussed each step of the termination process, and the only reference to a hearing is to the employee review hearing outlined in Step 6. The importance of the board's decision to dismiss the employee (Step 3) is to begin the running of the 60-day time period required in § 36-26-106, and not the point where pay may be terminated. See Washington, supra. In fact, Washington makes it clear that the employee has 15 days from the receipt of the board's decision under Step 3 to request a Step 6 hearing before the review panel. Clearly, the board must continue to pay the employee for at least 15 days after its decision to dismiss. See Washington, supra. It is only after the employee fails to request a hearing within this 15-day time period that the board's decision is final and pay may be terminated. SeeWashington, supra. However, if the employee timely files his request for a hearing, the board must continue to pay the employee's salary until after the Step 6 hearing and disposition.
In view of the above, we find that the trial court erred in not granting the employee the relief sought. As noted above, the employee is due to be paid pending the outcome of the employee review hearing pursuant to Step 6, and the trial court's order denying such relief is in error. This case is due to be reversed and remanded to the trial court for entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON and RUSSELL, JJ., concur. *Page 1061