The following facts are undisputed:
Verdell Hardy, a nonprobationary employee of the Birmingham Board of Education ("the Board"), was informed by the superintendent of the Birmingham Public Schools that the Board had voted to consider a proposal to terminate her employment, because she had allegedly struck a child in violation of the Board's corporal punishment policy. After a full evidentiary hearing before the Board, at which Ms. Hardy was represented by counsel, the Board voted to terminate her employment. At her request and pursuant to the Fair Dismissal Act, Ala. Code 1975, § 86-26-100 et seq. ("the Act"), a second evidentiary hearing was held before an ad hoc employee review panel ("the review panel"). The review panel expressly found that the Board's decision to terminate Ms. Hardy was justified on the basis of good and just cause; that the action of the Board was not arbitrary or unjust for personal or political reasons; and that based on the facts of her case and her employment record, the Board's action was warranted. Nevertheless, the review panel ordered that Ms. Hardy was due back pay from November 23, 1988 (the date of the Board's final decision to terminate her employment) to January 20, 1989 (the date of the decision of the review panel).
Prior to the hearing by the review panel, Ms. Hardy filed a complaint in the Circuit Court of Jefferson County, petitioning for a writ of mandamus, seeking declaratory relief voiding the Board's decision to dismiss her, and seeking injunctive relief prohibiting the Board from terminating her pay prior to a final adjudication by the review panel. She also sought money damages for breach of contract and violation of her due process rights under the United States Constitution. The trial court found that Ms. Hardy did not have a clear, legal entitlement to the relief sought and denied her request for writ of mandamus and injunctive relief, leaving her claims for declaratory relief and damages remaining. Subsequent to the review panel's decision, Ms. Hardy amended her complaint, adding an estoppel theory.
Subsequently, the trial court held that the Board was not obligated to pay Ms. *Page 95 
Hardy past November 23, 1988, the date on which the Board notified Ms. Hardy of its decision to terminate. Ms. Hardy appealed. The Court of Civil Appeals, relying on its recent decision in Crenshaw v. Mobile County Board of SchoolCommissioners, 560 So.2d 1059 (Ala.Civ.App. 1989) (citingWashington v. Bessemer Board of Education, 547 So.2d 888
(Ala.Civ.App. 1989), and Clayton v. Board of School Commissionersof Mobile County, 552 So.2d 145 (Ala.Civ.App. 1988), rev'd on other grounds, Ex parte Clayton, 552 So.2d 152 (Ala. 1989)), reversed the judgment of the trial court and held that the Board was obligated to pay Ms. Hardy back pay from the date of the Board's decision to terminate her employment to the date of the final decision by the review panel.
On appeal, the Board contended that Crenshaw v. Mobile CountyBoard of School Commissioners was incorrectly decided and should be overruled and that Ms. Hardy is not entitled to an award of back pay for the time from the date of the Board's decision to terminate her employment to the date of the review panel's decision upholding the Board's decision. Addressing this issue in a written opinion, the Court of Civil Appeals stated as follows:
 "While our Supreme Court has remarked that the Fair Dismissal Act is 'not a model of legislative clarity,' Bolton v. Board of School Commissioners of Mobile County, 514 So.2d 820, 824 (Ala 1987), the court has indulged in judicial construction to impart 'reasonableness' into the language of the Act. In Bolton, the court outlined six statutorily prescribed steps necessary for termination under the Act. Those six steps are as follows:
 " 'Step 1 — The Board's letter notifying the employee of the proposed termination;
 " 'Step 2 — The employee's letter of intention to contest the proposed termination;
 " 'Step 3 — The Board's decision to dismiss the employee;
 " 'Step 4 — The employee's request for an appeal and hearing;
 " 'Step 5 — The selection of an employee review panel; and
 " 'Step 6 — The hearing and final disposition by the review panel.'
"Id. at 823.
 "The [Board] contend[s] that pay may properly be terminated at Step 3, 'The Board's decision to dismiss the employee,' whereas, [Ms.] Hardy contends that pay must be continued until 'The hearing and final disposition by the review panel,' as outlined in Step 6.
 "Addressing this issue in Crenshaw, 560 So.2d 1059 [Ala. Civ. App. 1989)], this court reviewed the Act and the applicable case law and held that where the employee has given written notice that she desires to appeal the . . . Board's decision to terminate her employment, the Board is required to continue paying the employee's salary pending the outcome of the employee review panel's hearing (pursuant to Step 6).
 "The [Board] contend[s] that this court misconstrued the Act in Crenshaw and that there is no basis in the language of the Act for inferring a requirement that the Board continue paying dismissed employees during the pendency of their appeals to the Review Panel. They assert that a construction based on such an inference is 'absurd and illogical.' Accordingly, they argue, the trial court's decision must be reversed and Crenshaw overruled.
 ". . . We do not find this . . . construction of the Act in Crenshaw, as it relates to payment of employees pending the outcome of the Review Panel's hearing, to be absurd or illogical, nor do we deem the construction to defeat the purpose of the Act or to obstruct the legislative intent expressed in the Act. We therefore reject the argument propounded by the [Board] and find the holding in Crenshaw to be applicable to the present case.
 ". . . Hardy gave the Board written notice of her intention to appeal its decision and demanded a de novo hearing before the Review Panel. Therefore, *Page 96 she met the condition precedent, as established in Crenshaw, to her right to continue receiving pay pending the Review Panel's final disposition. Accordingly, we . . . affirm the trial court's judgment awarding back pay to Hardy for the period in question."
601 So.2d at 215-216. (Emphasis added.)
Subsequently, the Board filed a petition for writ of certiorari, which we granted in order to address whether the Act requires an employing board of education to continue to pay a former employee after providing her with a full due process hearing and terminating her employment in accordance with the Act when the employee review panel finds that the termination was warranted and affirms the termination — whether the Act, specifically § 36-26-104, requires only that the employee be paid until the charges are "heard and determined" by the employing board and not until the hearing and determination by the review panel.
The Board contends that the requirement that boards of education continue to pay terminated employees pending the decision of the review panel was not legislatively created and cannot be found in the language of the Act, but rather that the requirement was a judicially promulgated amendment.
To resolve these issues, we must look to the pertinent language of the Act, whose overall purpose is to "provide non-teacher employees a fair and swift resolution of proposed employment termination," and which provides statutory guidelines for the termination of those employees protected by the Act. See Bolton v. Board of School Commissioners of MobileCounty, 514 So.2d 820, 824 (Ala. 1987); see, also, Ex parteClayton, supra.
 "§ 36-26-103. Procedure for termination of employment.
 "Employment of an employee on permanent status must be terminated only in the following manner.
 "The employing board of education shall give notice in writing to the employee, stating in detail the reasons for the proposed termination, the facts upon which such reasons are based, and giving notice of the employee's rights to a hearing as set out herein. . . ."
 § 36-26-104. Notice of termination; suspension with pay; notice of intention to contest.
 "Notice to the employee shall be served . . . to the employee's last known address. The employing board may suspend said employee with pay until the charges are heard and determined. This section, however, does not mandate pay in cases involving moral turpitude. If such charges are found to be unfounded, pay would be reinstated. Such notice shall inform the employee that in order to contest said determination, the employee must file with the employing board, within 15 days after receipt of such notice, notice of an intention to contest the termination of said contract. If the employee does not file an intention to contest with the employing board within 15 days after receipt of such notice of intention to terminate said contract, then the employing board may dismiss the employee by a majority vote and such dismissal shall be final."
 "§ 36-26-108. Authority to discipline; right to contest.
 "The employing board of education shall have authority to reprimand, censure, or suspend with or without pay, an employee for just cause. . . . The employee shall have the right to contest the board's action by appealing through the same manner as for termination and the decision of the employee review panel shall be final and binding on the parties."
When construing a legislative act, the fundamental rule is to ascertain and effectuate the legislative intent as expressed in the act, which requires looking to the language used, the reason and necessity for the act, and the purpose sought to be obtained. See Ex parte Holladay, *Page 97 466 So.2d 956 (Ala. 1985). In addition, "[a]s with any statute, 'reasonableness' must be read into the provisions of the [Act]," Bolton v. Board of School Commissioners of MobileCounty, 514 So.2d at 824, and the Court previously has indulged in judicial construction to impart such "reasonableness" into the language of the Act. See, Bolton and Ex parte Clayton. In the instant case, we find no reason not to do the same.
 " 'Where it appears from the context that certain words have been inadvertently omitted from a statute, the court may supply such words as are necessary to complete the sense, and to express the legislative intent, but it cannot supply words purposely omitted, and should supply an omission only when the omission is palpable and the omitted word plainly indicated by the context; and words will not be added except when necessary to make the statute conform to the obvious intent of the legislature or prevent an act from being absurd; and where the legislative intent can be accurately determined because of the omission, the court cannot add words so as to express what might or might not be intended.' "
Ex parte Clayton, 552 So.2d at 154 (quoting State v. Calumet Hecla Consol. Copper Co., 259 Ala. 225, 232, 66 So.2d 726
(1953)).
In the present case, the Act would not be rendered absurd or its purpose defeated, nor would the legislative intent be obstructed by a literal, narrow interpretation of the Act. Rather, based on our review of the language of the Act, having considered the purpose of the Act and having considered the reason and necessity for its enactment, we conclude that had the legislature intended for a board to continue to pay an employee after the board has decided to terminate the employee, and to pay her throughout the appeals process until the ruling by the review panel, then it would have stated such an intent. It did not state such an intent, nor does any language within the text of the Act support the finding of such an intent. Rather, § 36-26-104 and § 36-26-108, the only two provisions of the Act dealing with or even mentioning the word "pay," give express authority to an employing board to continue to "pay" an employee only during the suspension process (§ 36-26-108) and/or during the termination process (§ 36-26-104). There is no language whatever in the Act that can be construed as implying that termination of employment and consequently termination of pay does not occur until completion of the appeal process — there is no language in the Act authorizing continued "pay" subsequent to the Board's decision to terminate the employee while the employee seeks redress through the review panel. Clearly, the legislature, in granting a nonprobationary employee a full panoply of rights, did not intend for "pay" to be continued as part of the review process. Rather, the clear implication of the provisions of the Act is that the legislature intended that justice be accomplished by requiring an award of "back pay" to the employee for the time from the Board's decision to terminate her until the completion of the review process, if the review panel determines that the initial decision of the Board was erroneous. (According to the Board, without question, the review panel may order back pay from the date of termination to the date of the review panel's decision if the review panel finds that the Board's decision to terminate was unwarranted or that the Board failed to comply with the Act. That is correct.)
We note that in resolving the issue in the present case, the Court of Civil Appeals relied on Bolton v. Board ofCommissioners of Mobile County, supra, in which this Court discussed the procedure for terminating the employment of a nonprobationary employee (§§ 36-26-102, -103, -104, -105, -106) and enunciated six (6) steps for the statutorily prescribed procedure for terminating non-probationary teachers. However, in setting forth the six (6) steps in the termination process, this Court did not intend to imply that it was only upon completion of Step 6 (the hearing and final disposition by the review panel) that pay was to be discontinued to the employee. The issue of "pay" was not before the Court in Bolton; rather, the issue in Bolton *Page 98 
pertained to the statutorily prescribed time periods for the termination procedure (from notice of proposed termination to final hearing and determination by the review panel) and that issue became the basis for the holding in Bolton and for the enunciation and adoption of the six-step approach to the termination procedure. Clearly, any other interpretation given to the holding in Bolton or to the pertinent provisions of the Act would lead to illogical results.
Based on the foregoing, we reverse the judgment of the Court of Civil Appeals as to this issue and hold that the Board is not required to continue paying the employee pending the outcome of the review panel's hearing (Step 6), but that it is required to continue paying the employee only until the Board has "heard and determined" that the employee is to be terminated (Step 3). Consequently, to the extent thatCrenshaw v. Mobile County Board of School Commissioners, supra;Clayton v. Board of School Commissioners of Mobile County, supra; and Washington v. Bessemer Board of Education, supra, conflict with the holding in the present case, they are hereby overruled.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
INGRAM, J., recused.