On Application for Rehearing
This court's opinion of December 20, 1996, is withdrawn, and the following opinion is substituted therefor.
This case requires us to decide whether the Fair Dismissal Act, § 36-26-100 et seq., Ala. Code 1975, mandates a pretermination hearing before an employee is dismissed *Page 384 
from his employment. The circuit court held that it does not; we hold that it does. Therefore, we reverse.
Reginald Allen had been employed by Bessemer State Technical College (BSTC) as a janitor for 11 years. On June 30, 1994, Allen received a letter from Dr. Michael Bailey, the president of BSTC, notifying Allen of Bailey's intent to terminate his employment. By letter of July 8, 1994, Allen informed Bailey that he intended to contest the proposed termination and requested a hearing. On July 12, 1994, Bailey notified Allen that his employment would be terminated effective July 29, 1994. Allen replied on July 15, again stating his intention to contest the proposed termination and requesting a hearing.
On July 22, Bailey wrote to Allen, advising him that he was entitled under the Fair Dismissal Act to appeal the decision to terminate his employment. Bailey informed Allen that he could appeal to a mutually agreed-upon hearing officer or to a three-member employee review panel. Bailey proposed that Dr. Jessica Cannon, a BSTC faculty member, be the single panel member, and he apprised Allen: "Should you reject Dr. Cannon as the single panel member, please notify me who you choose to sit on a three-member panel so that we may move forward in a timely manner with the appeal process."
Allen did not reply to Bailey's letter of July 22. He retained counsel and his lawyer wrote to Bailey on July 27. Allen's lawyer informed Bailey that he was representing Allen "in his contest of [the] proposed termination." He requested certain documents and information "prior to the date set for hearing." Dr. Bailey did not respond to the letter from Allen's lawyer. On September 30, Allen was discharged from his employment.
Allen filed in the circuit court a petition for a writ of mandamus or, in the alternative, an action for a declaratory judgment, claiming that he had had a right to a hearing before being terminated and claiming that he was entitled to be reinstated with back pay and benefits. BSTC moved for a summary judgment.
The trial court held that Allen's failure either to consent to the college's suggested member of the employee review panel or to name his own member of that panel amounted to an abandonment of the appellate process. "Therefore," the circuit court concluded, "the college's decision to dismiss [Allen] became final under Section 36-26-104. [Allen] failed to exhaust his administrative remedies by his own inaction and . . . is not entitled to judicial review."
The applicable sections of the Fair Dismissal Act provide the following:
"§ 36-26-103.
 "Employment of an employee on permanent status must be terminated only in the following manner:
 "The employing board of education shall give notice in writing to the employee, stating in detail the reasons for the proposed termination, the facts upon which such reasons are based, and giving notice of the employee's rights to a hearing as set out herein. . . ."
"§ 36-26-104.
 "Notice to the employee shall be served. . . . The employing board may suspend said employee with pay until the charges are heard and determined. . . . Such notice shall also inform the employee that in order to contest said termination, the employee must file with the employing board, within 15 days after receipt of such notice, notice of an intention to contest the termination of said contract. If the employee does not file an intention to contest with the employing board within 15 days after receipt of such notice of intention to terminate said contract, then the employing board may dismiss the employee by a majority vote and such dismissal shall be final.
(Emphasis added.)
"§ 36-26-105.
 "An appeal of the decision of the employing board may be filed by the employee within 15 days of receipt of the board's decision. . . . Upon receipt of the request, the employing board and the employee may (1) mutually agree upon a person to hear the employee's appeal or (2) select a *Page 385 
panel of three persons, one selected by the employing board, and another selected by the employee and a third agreed upon by the two parties listed hereinabove which shall constitute an employee review panel to hear the employee's appeal. If there is no agreement on the selection of a third member within 10 days following the selection of the second member, the probate judge of the county in which the dispute originated shall submit the names of three individuals. . . . From these three names, the employing board shall then strike the first name and the employee shall strike the second name with the person whose name remains becoming the third member of the employee review panel."
"§ 36-26-106.
 "Upon the employee review panel's selection to hear a case, the panel shall within 10 days establish a date, place, and time for the hearing to be conducted. The date of such hearing shall in no case be later than 60 days following the decision of the employing board. Upon the completion of a de novo hearing, the panel's decision must be rendered within 45 days. . . . In making its decision, the panel shall consider whether the action of the board or its administrative staff was arbitrary or unjust or for political or personal reasons on the part of any member of the board or its staff and whether the board's action was warranted based upon the facts of the case and the employment record of the employee. . . ."
(Emphasis added.)
In Bolton v. Board of School Comm'rs of Mobile County,514 So.2d 820 (Ala. 1987), the Alabama Supreme Court outlined six steps necessary for termination under the Fair Dismissal Act:
 "Step 1 — The Board's letter notifying the employee of the proposed termination;
 "Step 2 — The employee's letter of intention to contest the proposed termination;
 "Step 3 — The Board's decision to dismiss the employee;
 "Step 4 — The employee's request for an appeal and hearing;
 "Step 5 — The selection of an employee review panel; and
 "Step 6 — The hearing and final disposition by the review panel."
Bolton, 514 So.2d at 823.
Although the Bolton decision did not state that a hearing is required before the decision to dismiss the employee is made at Step 3, we think that requirement is fairly implied from a reading of the entire Act and the opinions interpreting it.
Section 36-26-104 mandates that the employee be notified of a proposed dismissal and states that "[t]he employing board may suspend said employee with pay until the charges are heardand determined." The "hearing and determination" contemplated by § 36-26-104 is a hearing before the employing entity, not an appellate "hearing" before an employee review panel mandated by §§ 36-26-105 and -106. See Ex parte Birmingham Board of Educ.,601 So.2d 93 (Ala. 1992).
In Birmingham Board of Educ., our supreme court recognized that the Fair Dismissal Act contemplates two hearings: first, a pretermination hearing before the employing board, and second, a post-termination de novo review before the employee review panel. The court stated that it had granted a writ of certiorari in Birmingham Board of Educ.
 "in order to address whether the Act requires an employing board of education to continue to pay a former employee after providing her with a full due process hearing and terminating her employment in accordance with the Act when the employee review panel finds that the termination was warranted and affirms the termination — whether the Act, specifically § 36-26-104, requires only that the employee be paid until the charges are 'heard and determined' by the employing board and not until the hearing and determination by the review panel."
Birmingham Board of Educ., 601 So.2d at 96 (emphasis added). InEx parte Green, 689 So.2d 838 (Ala. 1996), the first sentence of our supreme court's opinion stated that "[t]he Fair Dismissal Act . . . provides that a non-teacher *Page 386 
employee of a school system who works 20 or more hours a week is a full-time employee and is entitled to a hearing on aproposed termination." 689 So.2d at 838 (emphasis added). Later in the opinion, the court reiterated that the affected employees were "entitled to a hearing under the Act to reviewthe proposed termination," and that "[d]enying the [employees] a hearing in front of the Board was error." 689 So.2d at 838, 839 (emphasis added). Other decisions have also recognized that the Fair Dismissal Act requires a pretermination hearing. See,e.g., Ex parte Ala. Inst. for Deaf and Blind, 578 So.2d 1308,1311 (Ala. 1991) (the employee "had been terminated after notice and [a pretermination] hearing as required by theAct") (emphasis added); White v. Jasper City Board of Educ.,644 So.2d 16, 16-17 (Ala.Civ.App. 1994)("[i]n accordance with the Act, a pre-termination hearing was held before the Board, and a de novo hearing was held before an employee review panel").
The United States Court of Appeals for the Eleventh Circuit has also acknowledged that under the Fair Dismissal Act an employee's employment "can be terminated only for specific reasons and in accordance with a specified procedure, all as set forth in the Act." Hardy v. Birmingham Board of Educ.,954 F.2d 1546, 1547 (11th Cir. 1992).
 "That procedure includes the light to notice and a hearing before the [employing] Board and the right to appeal an adverse Board decision to a mutually agreed upon hearing officer or to a three-member employee review panel."
Id. (emphasis added). See also Stallworth v. City of Evergreen,680 So.2d 229 (Ala.), cert. denied, ___ U.S. ___,117 S.Ct. 509, 136 L.Ed.2d 399 (1996) (holding that the Due Process Clause of the Fourteenth Amendment requires that before a tenured public employee is dismissed he must be provided with "a pretermination opportunity to respond, coupled with post-termination administrative procedures") (quoting ClevelandBoard of Educ. v. Loudermill, 470 U.S. 532, 547-48,105 S.Ct. 1487, 1496-97, 84 L.Ed.2d 494 (1985))
If a pretermination hearing were not required prior to dismissal by the employing entity, it would make little sense for § 36-26-106 to call the employee review panel's proceeding a "de novo hearing." Black's Law Dictionary defines "de novo" as "anew; afresh; a second time." Black's Law Dictionary 435 (6th ed. 1990). A "hearing de novo" is
 "[g]enerally, a new hearing or a hearing for the second time, contemplating an entire trial in same manner in which matter was originally heard and a review of previous hearing, [or] [t]rying matter anew the same as if it had not been heard before and as if no decision had been previously rendered."
Id. at 721. The de novo hearing provided for in § 36-26-106 is clearly an appellate review of an earlier proceeding, namely the hearing provided for in § 36-26-104 ("The employing board may suspend said employee with pay until the charges are heardand determined"). See Colbert County Board of Educ. v.Johnson, 652 So.2d 274 (Ala.Civ.App. 1994). The facts inJohnson were as follows:
 "Clarence Johnson was employed by the Colbert County Board of Education (Board) as a janitor at Colbert County High School for nine years. On May 11, 1993, Johnson received, by certified mail, a letter from the Board notifying him of its proposal to terminate his employment. At Johnson's request, the Board conducted a hearing on the proposal on June 13, 1993. On June 17, 1993, the Board voted to terminate Johnson's employment.
 "Johnson appealed the Board's decision to a three-member employee review panel selected pursuant to § 36-26-105, Ala. Code, 1975, a provision of the Fair Dismissal Act. On September 23, 1993, the panel conducted a de novo hearing
pursuant to § 36-26-106, Ala. Code 1975. Thereafter, the panel held, by a two-to-one majority, that the termination of Johnson's employment was not warranted and that the Board should reinstate him immediately."
Johnson, 652 So.2d at 275 (emphasis added). In Johnson, this court observed that "[t]he panel's review of Johnson's dismissal was de novo." 652 So.2d at 275. By definition, a de *Page 387 
novo hearing is a second hearing. No second hearing would be necessary under the Fair Dismissal Act unless a first (pretermination) hearing had occurred.
We think that the right of an employee to a pretermination hearing is also implied in the last sentence of § 36-26-104:
 "If the employee does not file an intention to contest with the employing board within 15 days after receipt of such notice of intention to terminate said contract, then the employing board may dismiss the employee by a majority vote and such dismissal shall be final."
By negative implication, that sentence indicates that if the employee does file an intention to contest his proposed dismissal (as Allen did in this case), then the employing entity may not dismiss the employee without further proceedings. The further proceeding is a pretermination hearing.
BSTC argues that a holding that the Fair Dismissal Act requires a pretermination hearing is contrary to this court's decision in Hughes v. Britnell, 554 So.2d 1041
(Ala.Civ.App. 1989). In that case, however, the issue was never raised or addressed. Here, Allen specifically requested an opportunity to be heard before he was terminated, and he specifically raised the denial of that request as an issue on appeal.
The circuit court erred in holding that Allen had abandoned the appellate review process by failing to "consent to the college's suggested member of the employee review panel or to name his own member of that panel." Allen had previously informed BSTC of his intent to contest his proposed dismissal and had requested a pretermination hearing. However, no hearing was provided. This case is therefore unlikeWashington v. Bessemer Board of Educ., 547 So.2d 888
(Ala.Civ.App. 1989), overruled on other grounds, Ex parte BirminghamBoard of Educ., 601 So.2d 93 (1992), where the appellate process was triggered but not expeditiously completed. Here, the appellate process was never triggered. Because Allen timely requested but was never given a pretermination hearing on his proposed dismissal, his termination was not in accord with the Fair Dismissal Act. Allen is entitled to be reinstated with back pay until a hearing before the employing entity is conducted and a decision is made on his dismissal.
The judgment of the circuit court is reversed and the cause is remanded for proceedings consistent with this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; RULE 39(k) MOTION DENIED; REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., not sitting.