706 So.2d 1238 (1997)
Perry W. WARD, President of Lawson State College
v.
Walter WORTHAM.
2960545.
Court of Civil Appeals of Alabama.
June 27, 1997.
Rehearing Denied August 1, 1997.
Certiorari Denied November 14, 1997.
Emory Anthony, Jr., Birmingham, for appellant.
William M. Dawson of Dawson & Gear, Birmingham, for appellee.
Alabama Supreme Court 1961873.
MONROE, Judge.
This case concerns the termination of employment under the Fair Dismissal Act, § 36-26-100 et seq., Ala.Code 1975.
Walter Wortham was employed as the chairman of facilities, grounds, and maintenance of Lawson State Community College. Wortham was arrested for theft of property from Lawson State; specifically, he was charged with taking kickbacks from a tree-cutting contract. On June 2, 1994, Perry W. Ward, pursuant to his authority as president of Lawson State, §§ 16-60-111.6 and -111.7, Ala.Code 1975, notified Wortham by letter that Ward intended to terminate Wortham's employment. Wortham responded by a letter dated June 8, 1994, in which he requested a due process hearing. By letter dated June 16, 1994, Ward notified Wortham that he was terminating Wortham's employment and that the termination would be effective on June 30, 1994. Thereafter, the parties began selecting *1239 panel members for a termination review panel.
On September 8, 1994, Ward filed a declaratory judgment action in the circuit court; he alleged that Wortham had failed to file a notice of his intent to appeal his termination, and Ward requested the circuit court to enter a judgment declaring the termination final. Wortham filed a motion to dismiss; the trial court did not rule on this motion. Both parties moved for a summary judgment. In his motion for a summary judgment, Wortham alleged that Ward had impermissibly delayed the termination review hearing; therefore, he argued that he was entitled to a summary judgment ordering his reinstatement and awarding him backpay and benefits. On January 31, 1995, the trial court entered a summary judgment in favor of Wortham, and ordered the parties to schedule a hearing on the issue of relief. Ward appealed. By order dated April 11, 1995, this court dismissed the appeal under the authority of Precision American Corp. v. Leasing Service Corp., 505 So.2d 380 (Ala. 1987), because the judgment was not final, because the issue of damages or relief remained pending. On May 25, 1995, the trial court entered an order directing the parties to proceed under the administrative remedies for reviewing the termination. Thereafter, a termination review hearing was conducted, and the majority of the review panel upheld the termination. On January 10, 1997, the trial court entered a final judgment in which it affirmed its previous rulings on the summary judgment motions and held that Wortham's due process rights had been "delayed." The trial court held that, because Wortham was not afforded a termination hearing until after the court's order of May 25, 1995, he was entitled to receive backpay and benefits for the period from June 30, 1994, until the date the hearing panel ruled. Ward appeals.
The purpose of the Fair Dismissal Act is to "provide non-teacher employees a fair and swift resolution of proposed employment termination." Bolton v. Board of School Commissioners of Mobile County, 514 So.2d 820, 824 (Ala.1987). In Bolton, our Supreme Court outlined six steps necessary for termination under the Fair Dismissal Act:
"Step 1The Board's letter notifying the employee of the proposed termination;
"Step 2The employee's letter of intention to contest the proposed termination;
"Step 3The Board's decision to dismiss the employee;
"Step 4The employee's request for an appeal and hearing;
"Step 5The selection of an employee review panel; and
"Step 6The hearing and final disposition by the review panel."
Id.
Ward argues that the termination of Wortham's benefits should have been effective on the date of his termination from employment. We agree that the termination of Wortham's benefits should have been effective on June 30, 1994, the effective date of his termination. Our conclusion is based on Ex parte Birmingham Board of Education, 601 So.2d 93 (Ala.1992), in which the Supreme Court overruled previous case law that had allowed a terminated employee to receive pay and benefits until the date of the termination review panel's ruling. Id. at 98. In that case, the Court stated
"[W]e conclude that had the legislature intended for a board to continue to pay an employee after the board has decided to terminate the employee, and to pay her throughout the appeals process until the ruling by the review panel, then it would have stated such an intent. It did not state such an intent, nor does any language within the text of the Act support the finding of such an intent."
Id. at 97. Thus, the Court held that there was no authority for requiring a board to continue to pay an employee following the date of termination unless the review panel reversed the termination, in which case backpay could be awarded. Id. Based on that holding, a board is required to pay an employee only until it has dismissed the employee (Step 3), and not until final disposition by the review panel (Step 6). Id. at 98.
The review panel affirmed Wortham's termination. Therefore, applying Birmingham Board of Education, supra, we must reverse the trial court's judgment awarding Wortham *1240 backpay and benefits through the date of the review panel's ruling and remand the cause for proceedings consistent with this opinion. Because we have determined that Wortham's right to pay does not extend beyond his termination date, we need not address Ward's additional argument regarding backpay.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.
CRAWLEY, Judge, concurring specially.
In McLeod v. Beaty, [Ms. 2950284 and 2950286, December 13, 1996] ___So.2d ___ (Ala.Civ.App.1996), this court held that the Fair Dismissal Act does not apply to instructors at state junior colleges. Here, however, the parties did not question the applicability of the Fair Dismissal Act.