These parties have previously been before this court. See Perine v.Kennedy, 830 So.2d 760 (Ala.Civ.App. 2002) ("Perine"). We note the following facts from Perine I:
 "[Donald Ray Perine] was employed as a nine-month tenured chemistry instructor at [Bishop State Community College (`the College')]. Perine had in the past contracted with the College to teach classes during the summer semester; he contracted with the College to teach chemistry during the 2000 summer semester.
 "Perine had been pursuing his Ph.D. in chemistry from Middle Tennessee State University since the summer of 1999. Perine was required to complete a minimum of six hours of course work during the summer semester in order to remain in the doctoral program. Perine stated that he had made arrangements both to teach his chemistry class at the College and to attend Middle Tennessee State University during the summer of 2000. Perine contends that he had informed his supervisor at the College, Ruth Stutts Moseley, of these arrangements and that the arrangements were approved. The College denies that Perine had approval to be absent from his teaching duties to attend Middle Tennessee State University.
 "On August 1, 2000, Perine received a letter from Dr. [Yvonne] Kennedy informing him that the College's records indicated that he had been absent from his employment without approval since July 10, 2000. Dr. Kennedy informed Perine that the following State Board of Education policy regarding `Abandonment of Position' was applicable to his employment status: `Any employee who is absent from work for three (3) consecutive workdays without approval shall be considered to have abandoned the position and to have resigned from the employing institution.' Dr. Kennedy informed Perine that the College considered him to have abandoned his position as chemistry instructor and to have resigned from his employment with the College, effective July 13, 2000. Perine corresponded with Dr. Kennedy, demanding that his dismissal, to be effective, must be accomplished in accordance with the standards and procedures set forth in the Fair Dismissal Act [, 36-26-100 et seq., Ala. Code 1975]. Perine was not afforded the procedures set forth in the Fair Dismissal Act."
Perine I, 830 So.2d at 761-62.
Perine sued Dr. Kennedy, individually and in her capacity as president of Bishop State Community College ("the College"), seeking a declaratory judgment that he had been terminated from his employment in violation of the Fair Dismissal Act, § 36-26-100 et seq., Ala. Code 1975. Perine also sought injunctive relief directing Dr. Kennedy to reinstate him to his employment with the College with back pay and interest and to further enjoin Dr. Kennedy from terminating his employment absent compliance with the procedures and standards set forth in the Fair Dismissal Act._PerineI, supra.
The trial court denied Perine's requests for injunctive relief. Thereafter, he moved *Page 1125 
for a summary judgment, arguing that the Fair Dismissal Act provided the only procedure under which his employment could be terminated and seeking reinstatement to his employment with back pay and interest. The College responded to Perine's motion and also moved for a summary judgment, arguing that § 2.13 of the State Board of Education's Revised Hearing Procedure is applicable to Perine and that Perine is not entitled to proceed under the Fair Dismissal Act because, it asserted, he resigned his employment with the College. After the trial court conducted a hearing on the parties' summary-judgment motions, Perine submitted to the court the additional authority of Young v. McLeod, 841 So.2d 245 (Ala.Civ.App. 2001), and argued that pursuant to the decision in Young he was entitled to the same relief under the Revised Hearing Procedure that he was entitled to under the Fair Dismissal Act. The trial court denied Perine's summary-judgment motion and entered a summary judgment in favor of the College. Perine I.
This court held on appeal that the Fair Dismissal Act was not applicable to Perine, but, rather, that the Revised Hearing Procedure applied to Perine and that he was entitled to notice and a hearing pursuant to the Revised Hearing Procedure.[1] Perine I.
Following remand, Perine, on April 23, 2002, moved the trial court to enter an order consistent with this court's judgment providing that he be afforded his due-process rights pursuant to Section 2.13 of the Revised Hearing Procedure and that he be compensated up to the date of his due-process hearing with his full salary and benefits, plus interest and costs.
Subsequent to this court's decision in Perine I, and after Perine had filed his motion for an order consistent with that judgment on remand, an amended version of § 36-26-100, Ala. Code 1975, a part of the Fair Dismissal Act, became effective on April 26, 2002; the amended version of § 36-26-100 expressly provides that "full-time instructors as defined by the State Board of Education" are subject to the Fair Dismissal Act. Because of the amendment to the Fair Dismissal Act, the parties agreed that any attempt to terminate Perine's employment should now proceed under the Fair Dismissal Act. Pursuant to the provisions of the Fair Dismissal Act, Dr. Kennedy, on May 30, 2002, notified Perine by letter of the following:
 "This is to notify you that it is my intention to confirm your earlier resignation/termination of employment with Bishop State Community College, which was effective July 13, 2000. In the event that I decide to confirm your earlier resignation/termination of employment, you will receive another letter from me, specifying that I will be taking such action.
 "Your termination is based upon your unapproved absence from work for more than three (3) consecutive workdays, as I stated in my letter to you, dated August 1, 2000, a copy of which is enclosed. The official records of the College indicate that you were absent from work, without approval, from July 10, 2000, until August 1, 2000. Due to your unapproved absences, the following State Board of Education policy, regarding Abandonment of Position, is applicable to your employment:
 "Policy #618.01, Section 1.2 — Any employee who is absent from work for *Page 1126 
three (3) consecutive workdays without approval shall be considered to have abandoned the position and to have resigned from the employing institution.
 "Under the rules of the Alabama State Board of Education, you are entitled, subject to the terms and conditions of the Fair Dismissal Act, to appeal my decision should I determine that your termination . . . will be imposed or confirmed. If you intend to appeal the termination, if imposed or confirmed, you must notify me in writing within fifteen (15) days of your receipt of this letter, of your intent to contest the termination, if imposed or confirmed. If you do not intend to appeal the termination, [if] imposed or confirmed, you need not respond to this letter."
A pretermination hearing regarding the termination of Perine's employment was scheduled for June 10, 2002.
On June 3, 2002, Perine notified Dr. Kennedy that he was contesting the notice of termination he received by letter dated May 30, 2002. On June 7, 2002, Perine amended his motion for an order consistent with the judgment in Perine I. He notified the trial court of the recent amendment to § 36-26-100, Ala. Code 1975, and he stated that the trial court's order should reflect that Perine, as a full-time nonprobationary instructor, is subject to the Fair Dismissal Act; that Dr. Kennedy had provided notice of his proposed termination under the Fair Dismissal Act; that he had contested the proposed termination and that a pretermination hearing had been scheduled; and that he was entitled to back pay and benefits, plus interest, through such date as the charges against him were heard and determined pursuant to the Fair Dismissal Act.
Following the pretermination hearing, Dr. Kennedy notified Perine by letter on June 27, 2002, that his proposed termination had been confirmed. Perine notified Dr. Kennedy by letter on July 1, 2002, that he intended to appeal his termination pursuant to the Fair Dismissal Act. On July 2, 2002, Perine notified the court that his employment had been terminated and that he intended to appeal the termination pursuant to the Fair Dismissal Act. Perine stated that Dr. Kennedy and the College were following the procedures set forth in the Fair Dismissal Act with regard to his termination and that the trial court did not have jurisdiction to hear the evidence regarding his termination because that process is governed by the Fair Dismissal Act. Perine further contended that he is entitled to receive back pay from July 13, 2000 (the date he was originally deemed to have abandoned his position), through June 27, 2002 (the date he was notified that his termination had been confirmed following a hearing). On August 5, 2002, Perine, pursuant to § 36-26-105
of the Fair Dismissal Act, corresponded with counsel for Dr. Kennedy and the College, seeking to move forward with the selection of a three-member panel to hear the appeal of his termination.
The trial court scheduled a hearing on Perine's motion to enter an order consistent with this court's judgment in Perine I for July 24, 2002. Perine argued at this hearing that the process regarding his termination is governed by the Fair Dismissal Act and that the court did not have jurisdiction to conduct an evidentiary hearing regarding his termination. He further argued that he was entitled to back pay from July 13, 2000, until June 27, 2002. Dr. Kennedy's counsel confirmed that the decision was made by Dr. Kennedy and the College to proceed with Perine's termination under the procedures set forth in the Fair Dismissal Act. The trial court denied Perine's motion on July 29, 2002; *Page 1127 
the court based its decision to deny the motion on its interpretation of this court's decision in Perine I. The trial court concluded that pursuant to Perine I, it was required to conduct an evidentiary hearing to determine whether Perine's employment should be terminated rather than remanding the matter to the administrative process. The trial court set the matter for a final hearing on August 12, 2002.
Following a hearing[2] on August 12, 2002, the trial court, on September 10, 2002, entered an order reiterating that it interpretedPerine I to require a bench trial on the issue of Perine's termination; determining that Perine had failed to gain approval for his absences; determining that his unapproved absences resulted in his resignation pursuant to § 2.13 of the Revised Hearing Procedure; and denying Perine's request for back pay. Perine appeals.
Perine argues that the Fair Dismissal Act applies to his termination and that the trial court erred in conducting an evidentiary hearing regarding his termination, rather than remanding the matter to the administrative process. As stated above, the Legislature amended §36-26-100, Ala. Code 1975, to include that "full-time instructors as defined by the State Board of Education" are subject to the Fair Dismissal Act. The act amending § 36-26-100 of the Fair Dismissal Act states that the "act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law." Act No. 2002-508, Section 2, Ala. Acts 2002. The amended act became effective on April 26, 2002 — after Perine had filed his motion on remand, but before the trial court had conducted a hearing or entered its order on that motion. Because the amendatory act states that it shall become effective immediately, we conclude that the Fair Dismissal Act applied to Perine and that he is entitled to have his termination process proceed in accordance with the procedures set forth in the Fair Dismissal Act. Accordingly, we conclude that the trial court erred in conducting an evidentiary hearing on Perine's termination rather than remanding the matter to the administrative process provided for by the Fair Dismissal Act.
Perine next argues that, because the Fair Dismissal Act was applicable to him, he was entitled to receive back pay until such time as his proposed termination was "heard and determined" by the employing entity.[3] We agree. There are six necessary steps for termination under the Fair Dismissal Act:
 "'Step 1 — The Board's letter notifying the employee of the proposed termination; *Page 1128 
 "'Step 2 — The employee's letter of intention to contest the proposed termination;
"`Step 3 — The Board's decision to dismiss the employee;
"'Step 4 — The employee's request for an appeal and hearing;
"'Step 5 — The selection of an employee review panel; and
 "'Step 6 — The hearing and final disposition by the review panel.'"
Ward v. Wortham, 706 So.2d 1238, 1239 (Ala.Civ.App. 1997) (quoting Boltonv. Board of School Comm'rs of Mobile County, 514 So.2d 820, 824 (Ala. 1987)). An employee is entitled to be compensated by the employing entity until the employing entity has conducted a pretermination hearing and made a decision to terminate the employee. Ex parte Birmingham Bd. ofEduc., 601 So.2d 93 (Ala. 1992); Ward, supra; and Allen v. Bessemer StateTechnical College, 703 So.2d 383 (Ala.Civ.App. 1997). However, an employee would be entitled to back pay from the time that the decision to terminate is made by the employing entity until the completion of the review process, if the review panel determines that the initial decision to terminate the employee by the employing entity is erroneous. Ex parteBirmingham Bd. of Educ., supra; Ward, supra.
Dr. Kennedy, pursuant to the Fair Dismissal Act, notified Perine by letter dated May 30, 2002, that she intended to confirm his earlier termination/resignation which, she claimed, was effective July 13, 2000. Perine notified Dr. Kennedy of his intention to contest the proposed termination of his employment. A pretermination hearing was held and Perine's termination was confirmed on June 27, 2002. Accordingly, Perine is entitled to be reimbursed for all compensation he was entitled to receive, plus interest, from July 13, 2000, until his termination was "heard and determined" on June 27, 2002.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
PITTMAN, J., concurs in the result.
[1] This court did not address the issue whether Perine was entitled to back pay and interest pursuant to the Revised Hearing Procedure.
[2] Dr. Kennedy and the College changed their position during this hearing regarding the applicability of the Fair Dismissal Act to Perine's termination. They took the position at the hearing that the Fair Dismissal Act did not apply to Perine's proposed termination.
[3] Citing Bolton v. Mobile County Board of School Commissioners,514 So.2d 820 (Ala. 1987), Perine also argues on appeal that, because Dr. Kennedy and the College had abandoned the administrative process set forth by the Fair Dismissal Act, after proceeding with his termination under the Act, the matter should be concluded in his favor and he is entitled to reinstatement to his position. This argument was not presented to the trial court; therefore, we will not address it on appeal. See Brock Blevins, Inc. v. Cagle, 775 So.2d 824 (Ala.Civ.App. 1999). Likewise, this court does not reach the issue of what effect the failure of a hearing review panel to hear Perine's appeal within 60 days of the College's decision, as required by § 36-26-106, Ala. Code 1975, has on this matter, because that issue was not presented to the trial court for consideration.